Michael Leroy CAMERON, Appellant

v.

The STATE of Texas.

No. PD–0413–06.

Court of Criminal Appeals of Texas.

Sept. 12, 2007.

Rehearing Denied Dec. 12, 2007.

Mike DeGeurin, Houston, for appellant.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

A jury convicted Appellant of delivery of a controlled substance and assessed a sentence of 25 years' imprisonment. Appellant appealed the trial court's failure to admit the testimony of his former attorney. The court of appeals affirmed the judgment of the trial court. *Cameron v. State*, No. 07–03–0362–CR, 2006 WL 299066 (Tex.App.-Amarillo February 8, 2006) (not designated for publication), 2006 Tex.App. LEXIS 1018. We granted review and remanded to the court of appeals for reconsideration. On remand, the court of appeals considered the issue of whether Appellant, as the party offering the evidence, was required to tell the trial court not only that his opponent's objection was not correct, but also why it was not correct. The court determined that the issue was not preserved for review because it was not enough for Appellant to tell the court that his evidence was admissible, he was also required to tell why it was admissible. *Id.* at *2, 2006 Tex.App. LEXIS 1018 at *9–10. Appellant filed a petition for discretionary review asking us to consider whether the court of appeals misapplied *Reyna v. State*, 168 S.W.3d 173 (Tex. Crim.App.2005) and erred in holding that Appellant did not adequately explain why the evidence was admissible. We hold that the court of appeals erred in holding that the issue was not preserved for review.

## FACTS

Appellant's co-defendant approached an undercover officer in a nightclub and asked him if he would like to smoke some

marihuana. The officer declined, but asked if she knew where he could buy some cocaine. She said that she could get him some and used the officer's cell phone to call Appellant. Shortly thereafter, Appellant entered the nightclub, made eye contact with his co-defendant, and walked back outside. The co-defendant told the officer that her friend had arrived with the drugs. The officer informed another undercover officer who was with him at the club that he was about to make a drug deal, and the officers went outside with the co-defendant to meet Appellant. Once outside, the co-defendant walked over to Appellant, who was standing next to a truck. She took something from him, which the officers assumed was cocaine, and brought it to them. They took the drugs from her and gave her the money, which she then took to Appellant. The officers later ran the license plate number on the truck by which Appellant was standing. When they obtained the driver's license photo of the truck's owner, they recognized him as the man who had delivered the drugs. Appellant was arrested for delivery of a controlled substance.

At trial, Appellant wanted to call his former attorney to testify regarding notes the attorney had taken when he reviewed the police report in the State's file. The State asked to approach the bench and, out of the hearing of the jury, asked why the former attorney was being called. Appellant responded that the purpose of the testimony was to show that the former attorney had seen two different police reports in the file that had conflicting information regarding the color of Appellant's truck. The trial court asked if the testimony would be based on the former attorney's personal memory or his notes. Appellant responded that it would be based on the former attorney's notes, which he

had with him. The trial court asked if Appellant was willing to waive his attorney-client privilege. The defense responded that he did not believe that it required any kind of waiver and that Appellant would not waive his attorney-client privilege. The trial court would not allow the witness to testify. During an offer of proof, Appellant's attorney testified that the first time he reviewed the State's file, it contained a handwritten police report stating that the truck by which Appellant was standing was white. The second time he reviewed the file, the handwritten report had been replaced by a typewritten report which stated that the truck was dark blue.

The jury found Appellant guilty and assessed a sentence of twenty-five years.

## PROCEDURAL HISTORY

Appellant appealed the trial court's decision that his former attorney could not testify without a complete waiver of the attorney-client privilege. In a memorandum opinion, the court of appeals held that Appellant failed to effectively inform the trial court of his objection, and thus, he did not preserve the error for review. Appellant filed a petition for discretionary review. We granted the petition and issued an opinion stating that Appellant was offering evidence, not objecting to evidence. We suggested that our recent decision in *Reyna* may be relevant and sent the case back to the court of appeals for reconsideration of the issue. On remand, the court of appeals stated that the proffered testimony did not implicate a confidential communication between Appellant and his former attorney, but rather was the work product of the former attorney, which is covered by Rule of Evidence 503(b)(2).[1]

1. Unless otherwise specified, subsequent references     erences to Rules refer to the Texas Rules of

After reviewing the record, the court of appeals said, "Significantly, appellant did not contend the evidence was admissible under the special provision covering attorney work-product privilege or inform the court that the attorney-client privilege was not applicable." Based on our holding in *Reyna*, the court held that the error was not preserved for review.

Appellant again filed a petition for discretionary review, and we granted the following three grounds for review:

Did the court of appeals misapply this Court's holding in *Reyna v. State,* 168 S.W.3d [173] (Tex.Crim.App.2005), where the appellant clearly explained to the trial court the reasons that the proposed testimony should be admitted?

Where a trial court, in excluding evidence from a trial, gives a specific legal reason for its exclusion, and the proponent of the evidence explains why he believes that such reason is not valid, is the proponent of the evidence then required to also explain why other, unmentioned legal objections which might also have been made to the introduction of such evidence are also not valid?

Where the trial court, in excluding evidence from a trial, explains as its reason for exclusion that the attorney-client privilege specifically applies, and that the evidence may not be admitted without a waiver of such privilege, has defense counsel adequately explained his legal reasoning for admission of such evidence if he responds that he does not believe that a waiver is necessary?

## ARGUMENTS OF THE PARTIES

█ The State argues that the court of appeals correctly relied on *Carmona v. State,* 941 S.W.2d 949 (Tex.Crim.App. 1997), and determined that Appellant

failed to preserve the issue for review because the objection based on the attorney-client privilege was not sufficient to preserve a claim based on the work-product doctrine. According to the State, Appellant's statement "I don't believe that it requires any type of waiver" related only to the attorney-client privilege and did not explain that no waiver was required under the work-product privilege of Rule 503(b)(2). Because the trial court incorrectly thought the offer of former counsel's work product was covered by the attorney-client privilege, it was necessary for Appellant to explain why no privilege applied. The State argues that Appellant should have contended that the evidence was admissible under the special provision covering attorney work-product, especially in light of this Court's non-literal interpretation of Rule 503(b)(2) in several prior cases. *See Strong v. State,* 773 S.W.2d 543, 551 (Tex.Crim.App.1989) and *Henderson v. State,* 962 S.W.2d 544, 552 (Tex.Crim.App.1997). The State points out that, under *Martinez v. State,* 91 S.W.3d 331, 336 (Tex.Crim.App.2002), appellate courts may not reverse a trial court's ruling on a theory or basis that was not raised, and Appellant did not raise the theory that the testimony was not privileged under Rule 503(b)(2). Finally, the State stresses that Appellant did not do what *Reyna* requires, which is to have done "everything necessary to bring to the judge's attention the evidence rule in question and its precise and proper application to the evidence in question." *Reyna,* 168 S.W.3d at 177.

Appellant counters that he should not have to urge attorney-work-product privilege as a ground in support of admitting his former attorney's testimony because the privilege protects testimony from being disclosed, rather than being a reason

Evidence.

for admitting it. Appellant cites *Washington v. State*, 856 S.W.2d 184, 187 (Tex.Crim.App.1993), which states that the privilege is meant to shelter "the mental processes of the attorney, providing a privileged area within which [an attorney] can analyze and prepare his client's case." Therefore, the former attorney is the one who would have been able to raise an objection to testifying about his work product. However, he clearly waived this privilege by appearing in court to willingly testify. And, as Appellant stated in court, no other waiver was necessary.

Appellant says that the court of appeals misread *Reyna* as requiring the proponent of evidence to not only urge grounds for the admission of evidence, but also to raise and refute any possible objection to the evidence. The proponent of the evidence should not have to respond to objections that were raised *and* to objections that could have been raised but were not. By interpreting *Reyna* this way, the court of appeals held that trial counsel failed by not raising and refuting a possible objection to his own proposed evidence. Further, Appellant states that he did refute the possible objection by saying that he did not believe that the testimony required any type of waiver, thus preserving the trial court's error in failing to admit the evidence. Appellant argues that the court of appeals improperly held that he waived the trial court's error by not responding to an objection that was not raised.

## STANDARD OF REVIEW

■ We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1991) (stating that the trial court "has the best vantage from which to decide" admissibility questions). Because trial courts are in the best position to decide questions of admissibility, appellate courts uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Id.* An appellate court may not reverse a trial court's decision regarding the admissibility of evidence solely because the appellate court disagrees with the decision. *Id.; See also Robbins v. State*, 88 S.W.3d 256, 259–60 (Tex.Crim.App.2002); *Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex.Crim.App. 2006).

## ANALYSIS

■ First, we will consider whether the testimony should have been admitted by the trial court. Rule 503(b)(1) lays out the general rule of the lawyer-client privilege in Texas: "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." Section (b)(2) adds a special rule of privilege in criminal cases, which states that "a client has a privilege to prevent the lawyer or lawyer's representative from disclosing any other fact which came to the knowledge of the lawyer or the lawyer's representative by reason of the attorney-client relationship." The attorney's work-product falls under this special rule of privilege. In general, privileges are exclusionary rules of evidence that may be used to suppress relevant evidence. The rule specifies that the privilege may be claimed by the client or the attorney on behalf of the client.

■ Because the former lawyer's testimony was based on his notes and did not deal with any privileged communication between the lawyer and the client, only the work-product doctrine applies here. Both parties agree that no one objected to the admission of the evidence on the basis of the work-product privilege and that nei-

ther Appellant nor his former attorney claimed the privilege; it was the trial judge who claimed that the evidence fell under the attorney-client privilege and was therefore inadmissible. The court of appeals implies that Appellant should have raised the work-product doctrine as a ground for admissibility of the former attorney's testimony. However, the work-product privilege excludes relevant evidence, it is not a rationale for admitting it.

Appellant's former attorney would have been able to raise an objection to testifying about his work product. Because Rule 503(b)(2) is a privilege designed to protect the attorney from having to disclose the fruits of his labor, it could have been raised by Appellant, his attorney, or his former attorney if his former attorney did not want to testify, for example, if the attorney was called to testify against Appellant or if the work product was offered against Appellant. This is not the case here. The former attorney was ready and willing to testify, at Appellant's request. Presenting the former attorney to willingly testify clearly indicated that Appellant was not claiming the work-product privilege, and as Appellant stated to the trial court, no other waiver was required.

■ Because Appellant was offering the evidence rather than attempting to exclude it by claiming privilege, the only issue affecting admissibility is whether the evidence was relevant. Rule of Evidence 401 defines relevant evidence, as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 states that "relevant evidence is admissible, except as otherwise provided by Constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority. Evidence which is not rele-

vant is inadmissible." Appellant sought to impeach the credibility of the witness's testimony about the drug transaction by establishing that the police had given conflicting descriptions of the truck and had possibly even altered the offense report. Therefore, the evidence was relevant for impeachment purposes. Such evidence should be admissible unless Appellant or his former lawyer invoked the work-product privilege, which they did not. The trial court incorrectly thought that the evidence should be excluded unless Appellant waived his attorney-client privilege. Because the trial court's decision was based on a misapplication of the law, the ruling excluding the testimony is not within the zone of reasonable disagreement, and the trial court abused its discretion in failing to admit the evidence.

## PRESERVATION OF ERROR

■ Instead of considering Appellant's issue of whether the trial court erred by refusing to allow his former attorney to testify absent a complete waiver of the attorney-client privilege, the court of appeals held that the error was not preserved. We disagree. The cases cited by the court of appeals, *Carmona* and *Reyna* are distinguishable. *Carmona* dealt with an objection based on the attorney-client privilege, which did not put the trial court on notice that the objection included the work-product doctrine. In *Carmona,* the State called a polygraph examiner, who was hired by the defense, to testify regarding notes he took in the pre-test interview with the defendant. The polygraph examiner's reports were sent to the State by the defense attorney in hopes that the State would not pursue charges against the defendant because he had "passed" the polygraph. Instead, the State called the polygraph examiner to testify regarding incriminatory statements made by the ap-

pellant in the pre-test interview. The defense objected that the polygraph examiner's reports and notes, as well as any incriminatory statements the appellant made to the polygraph examiner were protected by the attorney-client privilege. The State responded that the appellant waived his attorney-client privilege by sending the polygraph examiner's reports to the State. The court agreed and allowed the polygraph examiner to testify for the State. Carmona appealed, claiming that the statements, the notes, and the report were protected by the attorney-client privilege and, for the first time, argued that the notes were protected by the work-product doctrine. The court of appeals held that the appellant waived the attorney-client privilege and that he failed to preserve the claim that the notes were protected by the work-product doctrine.

■ On discretionary review, the appellant argued that the polygraph examiner's notes were both privileged attorney-client communications *and* work-product, so the objection based on attorney-client privilege also preserved the other privilege as a basis for review. We disagreed, stating that the two privileges do not protect the same interests and therefore, an objection based on the attorney-client privilege does not put the trial court or the other party on notice that the objection also encompasses the work-product doctrine. The distinguishing factor between *Carmona* and the case before us is that in *Carmona*, the defendant was objecting to evidence that was being admitted by the State, whereas in the case before us, the defendant was offering evidence. This is an important distinction because the purpose of the work-product privilege is to protect the work of the attorney from being used by his adversary. *See United States v. Nobles*, 422 U.S. 225, 239, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). If Car-

mona had specifically objected on the basis of the work-product doctrine, it would have been a proper use of the privilege. However, he raised only the attorney-client privilege, which was waived, so the court did not err in admitting the evidence. In contrast, Appellant in the case before us was presenting evidence that the trial court determined was privileged because the information was gathered by Appellant's former attorney.

The part of *Carmona* that does apply to the case before us is the implied waiver of privilege by the appellant based on his action of sending the polygraph examiner's reports to the State. If we apply that same reasoning, then the former attorney's willingness to testify and Appellant's desire to present the evidence impliedly waived the attorney-work-product privilege in this case to the extent that it dealt with the notes relating to the State's file.

■ *Reyna* is also distinguishable. In *Reyna*, the appellant wanted to admit evidence to impeach the credibility of the complainant. The State objected, and the trial court sustained the objection and excluded the evidence. On appeal, the appellant made a different argument for admission, that excluding the evidence denied him the right to fully cross-examine the accusing witness. We held that because he did not clearly articulate that the confrontation clause demanded admission of the evidence, the trial judge did not have the opportunity to rule on the issue and, therefore, it was not preserved for appeal. In that case, the appellant argued one reason for admissibility at trial—impeachment of credibility, and another reason on appeal—the right to confront the witness. Here, however, Appellant has consistently claimed that no waiver of the attorney-client privilege was necessary for him to call his former attorney to testify concerning the contents of the State's file. Also,

the evidence before us is admissible unless the privilege is claimed, whereas the testimony in *Reyna* was inadmissible unless it met one of the exceptions.[2] In *Reyna,* we stated that the appellant did not do everything necessary to bring the judge's attention to the rule or statute and its application to the evidence in question. 168 S.W.3d at 179. However, *Reyna* does not say that the proponent of evidence is required to respond to all possible objections.

Rule of Appellate Procedure 33.1 states that to present "a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. RULES APP. PROC. 33.1(a)(1)(A). Based on the record, it is evident that the discussion regarding the admissibility of the evidence was indeed specific enough to apprise the trial judge that the evidence in question involved the former attorney's work product and was not privileged attorney-client communication. The trial judge asked whether testimony was "on the basis of his personal memory or his notes?" Appellant responded that the testimony would be based on the former attorney's notes. The trial court also mentioned work-product in the ruling, stating that the former attorney "cannot get on the stand and testify as to work product in order to impeach testimony and yet not have a waiver of attorney."

Appellant's request for the admission of the testimony was timely, and it was apparent to the trial judge that the testimony was specifically based on the work-product of the former attorney. Appellant took the additional step of making an offer of proof. *See* Rule of Evidence 103(a)(2) (stating that error may not be predicated upon a ruling which excludes evidence unless a substantial right of the party is affected and the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked.) Appellant presented his former attorney to testify, explained to the trial court that waiver of the attorney-client privilege was not necessary, obtained a ruling from the court in which the trial judge mentioned the work-product doctrine, and made an offer of proof. Appellant's actions were sufficient to preserve error in this situation. The court of appeals erred in holding that Appellant did not preserve error.

### CONCLUSION

The trial judge's ruling excluding the testimony is not within the zone of reasonable disagreement. The decision was based on a misapplication of the law. The trial court mistakenly determined that Appellant would have to waive his attorney-client privilege in order for his former attorney to testify regarding his work product. Therefore, the court erred in failing to admit the evidence.

Appellant offered the testimony of the former attorney and responded to the legal objections raised by the State and the trial

---

2.  We are not saying that the attorney-client privilege is forfeited if not claimed. However, calling a person to testify about a specific topic waives the privilege related to that topic. *See Ballew v. State,* 640 S.W.2d 237, 240 (Tex.Crim.App.1980) (in which we held that the State could use notes and reports made by appellant's expert witness because appellant waived his attorney-client privilege by calling the expert to testify). We acknowledge that there are cases stating that waiver of privilege should not be implied, but, each of those cases involved a defendant who claimed that privileged evidence was improperly admitted without waiver.

court by saying that he did not believe that any waiver was required, which preserved the trial court's error in failing to admit the evidence. The court of appeals erred in holding that error was not preserved.

The decision of the court of appeals is reversed, and the case is remanded for that court to conduct a harm analysis.

KELLER, P.J., concurred.