Affirmed and Memorandum Opinion filed July 24, 2008








Affirmed and Memorandum Opinion filed July 24, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00542-CR

____________

 

JAMES CONERLY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 1079429

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant, James Conerly, guilty of aggravated
robbery and sentenced him to twenty-five years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  See
Tex. Penal Code Ann. ' 29.03 (Vernon 2003).  In his sole point
of error, appellant argues the trial court erred in not allowing appellant to
introduce two photographs into evidence.  Finding no error, we affirm.

 








Factual and Procedural Background [1]

On August 5, 2006, officers arrested appellant and Ronald
Jervis for allegedly robbing Joshua Wilson at gunpoint.[2] 
During trial, appellant=s defensive theory was that the encounter
between the men was a drug deal that went bad and escalated into a fight, as
opposed to an aggravated robbery.  According to appellant, he and Jervis went
to the complainant=s home to collect a debt from an ecstasy
drug deal, not to rob the complainant.  During trial, appellant attempted to
admit two photographs taken in the complainant=s home, which
appellant argued supported his defensive theory.  One photograph showed a Scarface
poster[3]
hanging in the complainant=s home, and the other photograph showed a
human silhouette poster,[4]
which also hung in the complainant=s home.  Appellant
claimed the photographs were relevant to appellant=s defensive theory
because they helped corroborate the assertion that the complainant and his
brother[5]
glorified a lifestyle full of drugs and violence; therefore, this evidence
supported the idea the encounter between the four men was a drug deal and not
an aggravated robbery.  According to appellant, the photographs helped prove
the complainant and his brother=s lack of credibility since the two men
identified with and led a life full of guns, violence, drugs, and drug
dealing.  In addition, appellant argued exclusion of the photographs violated
his constitutional due process right to present a complete defense. 








In response, the State argued the trial court should
exclude the photographs because they were irrelevant and highly prejudicial. 
According to the State, the photographs had no probative value as to whether or
not appellant committed aggravated robbery.  However, the State claimed if the
photographs did have any probative value, the probative value was substantially
outweighed by the prejudice.  The State argued simply because a person hangs a
movie poster in his house, does not necessarily mean he identifies with the
lifestyle the movie portrays.  According to the State, the photographs were too
prejudicial because appellant was trying to use them to prove the complainant
and his brother were drug dealers, without any other evidence to substantiate
the claim.  The State admitted the complainant and his brother used drugs, but argued
there was no evidence to support the idea the two were drug dealers.

Ultimately, the trial court excluded the two photographs
and did not allow appellant to ask any questions regarding the posters.  The
trial court concluded the prejudicial effect of the photographs substantially
outweighed the probative value.  Appellant now challenges this decision on
appeal.

Discussion

In appellant=s sole issue on
appeal, he argues the trial court erred in not allowing appellant to introduce
the two photographs into evidence.  Appellant argues the photographs were
relevant and their probative value was not substantially outweighed by their
prejudicial effect.  Furthermore, appellant argues the exclusion of the
photographs was a constitutional violation of his due process right to present
a complete defense.

A.      Did the
Trial Court Err in Excluding Two Photographs from Evidence?

1.       Standard
of Review








An
appellate court reviews a trial court=s decision to admit or exclude
evidence under an abuse of discretion standard.  Cameron v. State, 241
S.W.3d 15, 19 (Tex. Crim. App. 2007).  A trial court abuses its discretion when
its decision is so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.  McDonald v. State, 179
S.W.3d 571, 576 (Tex. Crim. App. 2005).  Because trial courts are in the best
position to decide questions of admissibility, the appellate court should
uphold a trial court's admissibility decision when that decision is within the
zone of reasonable disagreement.  Cameron, 241 S.W.3d at
19.  An appellate court may not reverse a trial court's decision regarding the
admissibility of evidence solely because it disagrees with the decision.  Id. 


As a general rule, evidence is relevant if it has Aany
tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.@  Tex. R. Evid. 401. 
Evidence that is not relevant is not admissible.  Tex. R. Evid. 402.  Furthermore, the trial
court's determination of relevancy will not be reversed absent an abuse of
discretion.  Reese v. State, 33 S.W.3d 238, 240 (Tex. Crim. App. 2000).  

However, relevant evidence may be excluded if
its probative value is substantially outweighed by the danger of unfair
prejudice.  Tex. R. Evid. 403; Andrade v. State, 246 S.W.3d 217, 227
(Tex. App.CHouston [14th Dist.] 2007,
pet. filed).  Therefore, upon further objection from the opponent of the
evidence based on Rule 403, the trial court must weigh the probativeness of the
evidence against the potential for unfair prejudice.  Andrade, 246
S.W.3d at 227 (citing Montgomery v. State, 810 S.W.2d 372, 389 (Tex.
Crim. App. 1990)).  Evidence is unfairly prejudicial when it has an undue
tendency to suggest an improper basis for reaching a decision.  Reese,
33 S.W.3d at 240.  In keeping with the presumption of admissibility of relevant
evidence, there is a presumption relevant evidence is more probative than
prejudicial.  Andrade, 246 S.W.3d at 227 (citing Santellan v. State,
939 S.W.2d 155, 169 (Tex. Crim. App. 1997)).  The trial court=s ruling whether to exclude evidence under Rule 403 is also
measured by an abuse of discretion standard and will not be reversed if the
ruling is within the zone of reasonable disagreement.  Id.  








2.       Did the Exclusion of
the Photographs Violate Appellant=s
Sixth Amendment Rights?

Appellant cites to the United States Supreme
Court=s recent opinion in Holmes v. South Carolina, 547
U.S. 319, 126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006), in support of his argument
the trial court=s
wrongful exclusion of the evidence was a constitutional violation of his right
to present a complete defense.  We disagree.   

In Holmes, the prosecution tried the
defendant for battery, rape, robbery, and murder of an 86-year-old woman.  Id.
at 321B22, 126 S. Ct. at 1730.  During the trial, the prosecution
presented an eyewitness who allegedly saw the defendant near the woman=s home within one hour of the attack.  Id. at 322,
126 S. Ct. at 1730.  The State also produced forensic evidence linking the defendant
to the crime to a very high degree of certainty.  Id.  As part of his
defensive theory, the defendant sought to introduce evidence that a third party
committed the crime.  Id. at 323, 126 S. Ct. at 1730.  However, the
trial court excluded the defendant=s
evidence pursuant to a state rule prohibiting the admission of evidence of
third-party guilt at a criminal trial if the state presented forensic evidence
that strongly supported a guilty verdict.  Id. at 323B24, 126 S. Ct. at 1731.  








Ultimately, the Court held the evidentiary rule
relied on in the Holmes case was Aarbitrary@ and unconstitutional as applied because it did not
rationally serve the end it was designed to promoteBfocusing the trial on central issues by excluding evidence
that had only a very weak logical connection to them.  Id. at 329B31, 126 S. Ct. at 1734B35. 
The Court determined under this state rule, the trial judge did not focus on
the probative value or the potential adverse effects of admitting the defense=s evidence of third-party guilt.  Id. at 329, 126 S.
Ct. at 1734.  Furthermore, the Court stated the rule, as applied, seemed to
call for little, if any, examination of the credibility of the prosecution=s witnesses or the reliability of its evidence.  Id. 
Essentially, Holmes stands for the proposition that the Constitution prohibits
the exclusion of defense evidence under evidentiary rules that are arbitrary,
that serve no legitimate purpose, or that are disproportionate to the ends they
are asserted to promote.  See id. at 329B31,
126 S. Ct. at 1734B35.

The Texas Court of Criminal Appeals has
recognized this same proposition.  In Texas, the improper exclusion of evidence
may raise a constitutional violation in two circumstances: (1) when an
evidentiary rule categorically and arbitrarily prohibits the defendant from
offering relevant evidence that is vital to his defense (essentially the same
holding as the Holmes case), or (2) when a trial court erroneously
excludes evidence that is vital to the case and the exclusion precludes the
defendant from presenting a defense.  Ray v. State, 178 S.W.3d 833, 835
(Tex. Crim. App. 2005) (citing Potier v. State, 68 S.W.3d 657, 659B62 (Tex. Crim. App. 2002)).








As a threshold matter, we conclude appellant=s reliance on Holmes is misplaced.  In contrast to
the Holmes case, the trial court here excluded the evidence under rule
403, a well-established evidentiary rule.  See Tex. R. Evid. 403.  The
rule in Holmes was held to be arbitrary and unconstitutional, as
applied, because it did not allow the judge to focus on the probative value or
potential adverse effects of the evidence, or allow the judge to examine the
credibility or reliability of the witnesses.  Holmes, 547 U.S. at 329B31, 126 S. Ct. at 1734B35. 
Rule 403, however, allows a trial judge the opportunity to weigh the probative
value of the evidence against other factors.  See Tex. R. Evid. 403. 
Indeed, the Holmes court recognizes the distinction between the
constitutional prohibition of the exclusion of defense evidence under rules
that serve no legitimate purpose or that are disproportionate to the ends they
are asserted to promote, and well-established rules, such as rule 403, which
permit trial judges the discretion to exclude evidence if its probative value
is substantially outweighed by certain other factors such as unfair prejudice,
confusion of the issues, or potential to mislead the jury.  Holmes, 547
U.S. at 326, 126 S. Ct. at 1732.  Therefore, this case does not present a
situation like that in Holmes where the trial court excluded the
evidence under an arbitrary evidentiary rule that categorically prohibited the
exclusion of defense evidence.  See id. at 329B31, 126 S. Ct. at 1734B35.

Also, the trial court=s ruling did not effectively preclude appellant from
presenting a defense.  During the trial, both the State and appellant presented
evidence supporting appellant=s
theory, including: (1) Wilson=s and
Arredondo=s testimony they used drugs;
(2) testimony regarding the drugs and guns found in Arredondo=s apartment; (3) Wilson=s
admission that the police never seized the zip ties, sunglasses, duct tape, or
ski mask, which were all items Wilson claimed appellant and Jervis had with
them to use in the commission of the robbery; (4) Officer Steve Frank=s testimony that Jervis told Frank he and appellant were
attempting to collect money for drugs; (5) Officer Frank=s testimony that Jervis told Frank they were attempting to
collect the money for 1000 ecstasy tablets; (6) Wilson=s testimony that Jervis asked Awhere are the pills@
during the incident; (7) Officer Frank=s
testimony that a drug dog alerted the police to Arredondo=s glove box in his car and to money in Arredondo=s house, which indicated the scent of a controlled
substance; (8) the $1,207 in cash found in Arredondo=s apartment and seized by the police; and (9) Arredondo=s testimony that the police seized the cash and filed a
petition for forfeiture alleging the money was illegal proceeds from drug
sales, which Arredondo failed to contest.  In light of all the additional
evidence presented, the photographs would have only Aincrementally@
furthered appellant=s
defensive theory.  Thus, appellant=s
constitutional right to present a meaningful defense was not violated under
this theory either.  See Ray, 178 S.W.3d at 836 (holding exclusion of
testimony favorable to appellant did not prevent appellant from presenting her
defense because she testified on her own behalf).  

3.       Did
the Danger of Unfair Prejudice Substantially Outweigh the Probative Value of
the Evidence?

Appellant also argues the prejudicial effect of
the photographs did not substantially outweigh their probative value,
therefore, the trial court should have admitted the evidence.








Relevant evidence may still be excluded by the
trial court under Rule 403 Aif its
probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury, or by considerations of undue
delay, or needless presentation of cumulative evidence.@  Tex. R. Evid. 403.  When a trial court balances the
probative value of the evidence against the danger of unfair prejudice, a
presumption exists that favors the evidence=s
probative value.  Feldman v. State, 71 S.W.3d 738, 754B55 (Tex. Crim. App. 2002).  The relevant criteria for
determining whether the prejudice of admitting the evidence substantially
outweighs the probative value include the following: (1) the probative value of
the evidence; (2) the potential the evidence has to impress the jury in an
irrational but nevertheless indelible way; (3) the time needed to develop the
evidence; and (4) the proponent=s need
for the evidence to prove a fact of consequence.  State v. Mechler, 153
S.W.3d 435, 440 (Tex. Crim. App. 2005); Andrade, 246 S.W.3d at 228. 
Using these factors as a guide, if the record reveals the probative value of
the evidence was not substantially outweighed by the danger of unfair
prejudice, then we should conclude the trial court abused its discretion in
excluding the evidence.  See Reese, 33 S.W.3d at 241; Andrade,
246 S.W.3d at 228 (citing Montgomery, 810 S.W.2d at 393)..

a.       Analysis


The term Aprobative
value@ refers to the inherent probative force of an item of
evidence; that is, how strongly it serves to make more or less probable the
existence of a fact of consequence to the litigation.  Casey v. State,
215 S.W.3d 870, 879 (Tex. Crim. App. 2007).  Photographs of a Scarface
poster and a human silhouette poster hanging in the victims= house have little, if any, probative value as to whether
appellant committed aggravated robbery.  








Second, we examine whether the evidence has the
potential to impress the jury in an irrational but nevertheless indelible way. 
Rule 403 does not exclude all prejudicial evidence.  Andrade, 246 S.W.3d
at 228B29.  Virtually all evidence a party offers will be
prejudicial to the opponent=s
case, or the party would not offer it.  Casey, 215 S.W.3d at 883. 
Instead, Rule 403 focuses only on the danger of unfair prejudice and the
tendency to tempt the jury into finding guilt or innocence on grounds apart
from proof of the offense charged.  Andrade, 246 S.W.3d at 229. 
Appellant argues the photographs should have been admitted because they help to
show the complainant and his brother=s
admiration for a lifestyle of crime and drugs, which helps support the idea
appellant went to the complainant=s
house to collect drug money and not to commit robbery.  However, the
photographs presented in such a manner would be prejudicial to the State in
their potential to suggest to the jury that a person who hangs a movie poster
in his house automatically identifies with the lifestyle portrayed in the
film.  We find the photographs, as appellant would have presented them, could
potentially impress the jury in an irrational way.  See Reese, 33 S.W.3d
at 242 (finding a photograph of the murder victim and her unborn child lying in
a casket offered during the punishment phase had an emotional impact that
suggested the jury=s
decision would be made on an emotional basis and not on the basis of the other
relevant evidence introduced at trial).

Third, we look at the time needed to develop
the evidence.  The time involved in the introduction of two photographs is
minimal and unlikely to distract the jury from considering the charged
offense.  See Andrade, 246 S.W.3d at 229 (holding the time involved in
the introduction of a photograph was minimal).  








Fourth, we determine the proponent=s need for the evidence to prove a fact of consequence. 
The Court of Criminal Appeals has pointed out three subparts when assessing the
proponent=s need for the evidence: (1)
does the proponent have other available evidence to establish the fact of
consequence the evidence is admissible to show; (2) if so, how strong is that
other evidence; and (3) is the fact of consequence related to an issue that is
in dispute?  Reese, 33 S.W.3d at 242.  Based on the record in this case,
appellant introduced a substantial amount of additional probative evidence to
help support his defensive theory.  As described in detail in section A(2)
above, both the State and appellant presented evidence supporting appellant=s theory that the complainant and his brother were drug
dealers, that they identified with a life full of guns and violence, and that
the incident was a drug deal gone bad, not a robbery.  Therefore, appellant=s need for the evidence was minimal.  

After evaluating the above four factors and
balancing the prejudicial nature of the photographs against its probative
value, we conclude the prejudicial effect of the photographs substantially
outweighed the probative value.  We cannot say the trial court=s decision was so clearly wrong as to lie outside that zone
within which reasonable persons might disagree.  Thus, the trial court did not
abuse its discretion in excluding the photographs.  We overrule appellant=s sole
issue on appeal.

Conclusion

Having overruled appellant=s sole issue on appeal, we affirm the trial court=s judgment.

 

 

/s/      John S.
Anderson

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed July 24, 2008.

Panel
consists of Justices Yates, Anderson, and Brown.

Do Not
Publish C Tex. R. App. P.
47.2(b).    

 









[1]  Because of the nature of appellant=s issue, we find it unnecessary to set forth a
detailed account of the facts and circumstances surrounding the offense with
which he was charged.





[2]  The State tried appellant and Jervis separately.





[3]  The poster portrayed a picture from the 1983 Scarface
movie starring Al Pacino.  The movie tells the story of a Cuban immigrant in
Miami, Florida who becomes one of the largest cocaine dealers in the area. The
movie portrays a world of drugs and violence.





[4]  The poster was the type commonly used at law
enforcement target ranges.





[5]  Appellant lived with his brother Stephen Arredondo. 
Arredondo was home asleep the night of the alleged robbery.  Arredondo woke up
when he heard loud noises in the living room, so he went to the living room to
see what was happening.  As Arredondo approached the living room, he saw
appellant and Jervis attacking Wilson.  Arredondo joined the fight and helped
Wilson fight off appellant and Jervis.  Arredondo testified on behalf of the
State.