Opinion filed August 18,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00355-CR

                                                    __________

 

                                 MANUEL
MARTINEZ,  Appellant  

 

                                                             V.

 

                                     STATE
OF TEXAS,  Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR34932

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The jury convicted Manuel Martinez of possession of cocaine and assessed his
punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of ninety-nine years.  Appellant challenges his
conviction in a single issue.  We affirm.

Background
Facts

Detective James Dolan of the Midland Police Department testified that the department
received a tip on July 9, 2008, that cocaine was present inside the house
located at 906 South Mineola in Midland.  Detective Dolan was familiar with the
house and its owner, “Red” Walton.   He had been to the house on multiple
occasions and he described Walton as a known cocaine user.  Upon approaching
the house, officers spoke with individuals located on the porch of the house.  Detective
Dolan observed Walton inside the house through the open front door.  Walton
began walking away from the door with his hands in his pockets despite Detective
Dolan’s instruction for him to stop.

Detective
Dolan entered the house in pursuit of Walton.  He followed Walton into a
bedroom where appellant was standing with his hands in his pockets.  Detective
Dolan testified that a baggie containing cocaine fell out of appellant’s pocket
as he removed his hands from his pockets.  After handcuffing Walton and
appellant, the officers observed drug paraphernalia in the bedroom on a desk
near where appellant was standing.  These items included a syringe, spoons with
a white powdery substance on them, a cotton swab, and the bottom of a can with
a white powdery substance on it.

Analysis

Appellant
directs his sole issue on appeal to the admissibility of the drug
paraphernalia.  We review a trial court’s decision regarding the admissibility
of evidence under an abuse of discretion standard. Cameron v. State, 241
S.W.3d 15, 19 (Tex. Crim. App. 2007). Appellate courts will uphold a trial
court’s admissibility decision when that decision is within the zone of
reasonable disagreement because trial courts are in the best position to decide
questions of admissibility.  Id.  An appellate court may not reverse a
trial court’s decision regarding the admissibility of evidence solely because
the appellate court disagrees with the decision.  Id.  A trial court
abuses its discretion when its decision lies outside the zone of reasonable
disagreement.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991).

Appellant
contends that the items of drug paraphernalia were inadmissible without a
showing that the items were actually used “in contravention of the law.”  However, appellant has not cited any authority that supports his proposition.  We
believe it is significant to note that the Texas Health and Safety Code does
not require a showing of actual use in its statutory definition of drug
paraphernalia.  Tex. Health & Safety
Code Ann. § 481.002(17) (Vernon 2010). 
In this regard, the statute identifies drug paraphernalia as items “used or intended for use” in connection with drugs (emphasis added).  

Detective
Dolan testified that the items of drug paraphernalia recovered from the bedroom
were commonly used to inject cocaine with a syringe.  He stated that spoons and
the bottom of a can are often used to cook or heat cocaine prior to injecting
it.  Section 481.002(17)(K) specifically provides that “a hypodermic syringe,
needle, or other object used or intended for use in parenterally injecting a
controlled substance into the human body” constitutes drug paraphernalia.  Detective
Dolan further testified that both the spoons and the can bottom had a white
powdery substance on them and that the spoons were charred on the bottom
indicating that something had been used to heat them.  In light of Detective
Dolan’s testimony regarding the common usage of these items to inject cocaine
and the indications suggesting that they had been used in that manner, we
conclude that the trial court did not err in admitting the challenged items
into evidence.  Appellant’s sole issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

August 18, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]

 









 

[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.