**AFFIRMED; Opinion Filed May 28, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00518-CR

### RONNIE DECOURTLAND BASS, JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 195th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F11-26843-N

## MEMORANDUM OPINION
Before Justices Fillmore, Stoddart, and Whitehill[1]
Opinion by Justice Stoddart

A jury convicted Ronnie Decourtland Bass, Jr. of capital murder of a child under six years of age.[2] Punishment was assessed at life imprisonment. In a single issue, Bass argues the trial court erred by admitting text messages from his cell phone because the messages were illegally obtained. We affirm the trial court's judgment.

At trial, the State sought to admit cell phone records, including the content of text messages, obtained from Bass's cell phone service provider, MetroPCS. The text messages were incriminating for Bass and showed Bass communicated with the victim immediately before the murder and with his co-actor immediately before and after the murder. At trial, Bass lodged

---

[1] Justice Bill Whitehill succeeded Justice Kerry FitzGerald, retired. Justice Whitehill has read the briefs and reviewed the record and now serves as a member of the panel.

[2] Bass also was convicted of murder in a separate cause number. That conviction is not before us in this appeal.

numerous evidentiary objections to the admission of the records from MetroPCS. Following a hearing outside the presence of the jury in which the police officer who obtained the records testified, the trial court denied Bass's objections. Subsequently the officer testified before the jury and the MetroPCS records were admitted over objection.

Bass argues a warrant was required to obtain the contents of his cell phone, specifically text messages, the police did not have a warrant at the time they obtained the records from MetroPCS, and, because the messages were illegally obtained, the trial court erred by admitting them. In his brief on appeal, Bass does not argue he was harmed by the trial court's alleged error.

If we assume Bass preserved his sole issue and the trial court abused its discretion by admitting the records from MetroPCS, we conclude Bass did not suffer harm from the alleged error because the same content from the text messages was obtained from phones belonging to other people and was admitted before the jury. *See Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007) (review trial court's decision to admit evidence for abuse of discretion); *see also* TEX. R. APP. P. 44.2(a).

The admission of evidence obtained in violation of the Fourth Amendment is subject to a constitutional harm analysis pursuant to rule 44.2(a). *See Hernandez v. State*, 60 S.W.3d 106, 106 (Tex. Crim. App. 2001); *see also* TEX. R. APP. P. 44.2(a). For constitutional errors, we "must reverse a judgment of conviction or punishment unless [we] determine[] beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a). When conducting a rule 44.2(a) harm analysis, our primary question is whether there is a reasonable possibility or likelihood the error might have contributed to the conviction. *Rubio v. State*, 241 S.W.3d 1, 3 (Tex. Crim. App. 2007); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g). This requires us to assess the likelihood the error was a

contributing factor in the jury's deliberations and decision. *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010) (quoting *Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007)). We do not focus on the propriety of the jury's verdict. *Id.* Nor does our analysis turn on whether the jury's verdict was supported by the evidence. *Id.* Instead, the question is whether the alleged constitutional error adversely affected the integrity of the process leading to the conviction. *Id.*

Here, after considering the record in this case, we conclude Bass was not harmed by the admission of the MetroPCS records. The State's admitted exhibits also included text messages from the victim's and the co-actor's phones, which showed the same text messages as did the records from MetroPCS. However, because of the format of the text messages from the victim's and co-actor's phones, the conversation strings were easier to read and understand than were the records obtained from MetroPCS. Additionally, after the text messages were admitted, the prosecutor and investigating officer read incriminating portions of the text messages from the victim's and co-actor's phones to the jury.

Although Bass's counsel objected to the text messages obtained from the other phones, Bass has not complained about the admission of those texts on appeal. Bass lacked standing to complain about any Fourth Amendment issues relating to the text messages retrieved from the victim's and the co-actor's phones either at the trial court or on appeal. There is no evidence Bass had a reasonable expectation of privacy in cell phones belonging to other people. *See Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004); *Anderson v. State*, No. 05-11-00259-CR, 2013 WL 1819979, at *11 (Tex. App.—Dallas Apr. 30, 2013, no pet.) (not designated for publication) (appellant lacked standing to complain about acquisition of co-defendants' records from phone company because he lacked privacy interest in records); *Contreras v. State*, No. 02-11-00242-CR, 2012 WL 3737714, *3 (Tex. App.—Fort Worth Aug. 30, 2012, pet. ref'd) (mem.

op., not designated for publication) (appellant lacked standing to complain about seizure of phone belonging to another person).

The evidence about which Bass complains, the records obtained from MetroPCS, was cumulative of the text messages obtained from the phones of the victim and co-actor, which were admitted and read to the jury. Any error by the trial court in admitting Bass's phone records would not have adversely affected the integrity of the jury's deliberations or contributed to his conviction. The jury received the same evidence from the phones of other people—albeit in a different, more accessible format. From this record, we conclude beyond a reasonable doubt that the admission of the records from MetroPCS did not contribute to Bass's conviction. We overrule Bass's sole issue.

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
130518F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONNIE DECOURTLAND BASS, JR., Appellant

No. 05-13-00518-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-26843-N.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of May, 2015.