PD-0721-15                **721·15**

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS                           ORIGINAL

Ronnie Decourtland Bass Jr., Appellant    RECEIVED IN
                                         COURT OF CRIMINAL APPEALS

v.

THE STATE OF TEXAS                        AUG 27 2015

                                         Abel Acosta, Clerk

Petition in Cause# F11-26843-N

From the 195th Judicial District Court of Dallas County, Texas,

and Appeal No. 05-13-00518-CR             FILED IN
                                   COURT OF CRIMINAL APPEALS
From the Court of Appeals for the
                                         AUG 27 2015
Fifth Court of Appeals District of Texas
                                         Abel Acosta, Clerk
                 --------------------

           PETITION FOR DISCRETIONARY REVIEW

                 --------------------


ORAL ARGUMENT REQUESTED

                              Ronnie Bass

                              #1848111

                              Robertson Unit

                              12071 FM 3522

                              Abilene, TX  79601


                              PRO SE

1. Appellant: Ronnie Bass, #1848111; Robertson Unit, 12071 FM 3522, Abilene, TX 79601

2. Trial Counsel:                                      6116 N Central Expressway

   Rick Harrison, SBN: 09119510          Suite 500

   Amanda Branan, SBN: 24081617        Dallas, TX 75206

3. Appellate Counsel:

   Kathleen A. Walsh, SBN: 20802200

   Dallas County Public Defender's Office

   Frank Crowley Courts Building

   133 N Riverfront Blvd, LB2

   Dallas, TX 75207


4. State's Trial Counsel

   Brandi Mitchell, SBN: unavailable

   Messina Madson, SBN: 24038123

5. State's Appellate Counsel

   Craig Watkins, SBN: unavailable

   Dallas County District Attorney's Office

   Frank Crowley Courts Building

   133 N Riverfront Blvd, LB-19

   Dallas, TX 75207

# Table of Contents

Identies of Parties and Counsel...                              ...ii

Table of Contents...                                          ...iii

Index of Authorities...                                        ...iv

Statement Regarding Oral Argument...                           ...1

Statement of the Case...                                       ...1

Statement of Procedural History...                             ...1

Ground for Review...                                           ...2

## GROUND FOR REVIEW

The Court of Appeals erred when it held the illegal siezure of petitioner's cell phone was harmless because the text dialog that was entered was never actually introduced by the other parties cell phones.

Argument...                                                   ...2-5

Prayer for Relief...                                           ...5

Certificate of Service...                                      ...6

Appendix...                                                    ...7

iii

# Index of Authorities

## Constitution

U. S. Const. Amend. 4...                                    ...2

## Rules

Texas Rules of Appellate Procedure 44.2(a)...              ...2

## Cases

Hernandez v. State, 60 SW3d 106 (Tex Crim App 2001)...     ...2

Riley v. California, 134 S. Ct. 2473 (2014)...             ...5

State v. Granville, 423 SW3d 399 (Tex Crim App 2014)...    ...5

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Ronnie Bass petitions the Honorable Court to review the judgement affirming his conviction for Capitol Murder in Cause No. F11-26843-N

## Statement Regarding Oral Argument

The Appellant, Ronnie Bass, requests oral argument before the Court of Criminal Appeals of Texas, because oral argument will assist the Court in determining whether the Court of Appeals erred when it determined the illegal seizure of petitioner's cellphone was a harmless error that didn't contribute to his conviction.

## Statement of the Case

A jury convicted Ronnie Bass of Capitol Murder of a child under six years of age, punishment was assessed at life imprisonment. In a single issue, Bass argued in the 5th Court of Appeals that the trial court erred by admitting text messages from his cellphone because the messages were illegally obtained. The Court of Appeals ultimately rejected his point of error and affirmed his conviction and sentence on May 28th, 2015 in an opinion not designated for publication.

## Statement of Procedural History

A three-justice panel of the Court of Appeals rendered it's opinion on May 28th, 2015. Bass v. State 05-13-00518-CR (Tex App Dallas May 28th, 2015, pet. filed)(Mem op, not designated for publication). No motion for rehearing was filed by Appellant. A timely motion for extension of time to file a PDR was filed and granted by this court, extending his time to file to August 28th, 2015.

## Ground for Review

The Court of Appeals erred when it held the illegal seizure of petitioner's cell phone was harmless because the text dialog that was entered was never actually introduced by the other parties cellphones.

## Argument

Appellant Ronnie Bass was charged by indictment of Capitol Murder. At trial, the state sought to admit cellphone records including the content of text messages obtained from Bass' cell phone service provider, Metro PCS. At trial, numerous evidentiary objections to the admission of the records from Metro PCS were made. Following a hearing outside the presence of the jury in which the police officer who obtained the records testified, the trial court denied Bass' objections. Subsequently the officer testified before the jury and the Metro PCS records were admitted over objection.

On appeal he argued that the police violated his 4th Amendment Constitutional Right by not obtaining a warrant for the contents of his cell phone. The Court of Appeals in it's opinion failed to review the illegality of this seizure, but instead held that pursuant to Texas Rules of Appellate Procedure (TRAP) 44.2(a) any error the trial court may have committed was harmless. Hernandez v. State, 60 SW3d 106 (Tex Crim App 2001).

====================================
## REASONS FOR GRANTING REVIEW
====================================

The Court of Appeals affirmed the denial of Appellant's Motion to Suppress, holding that the cellphone records obtained from Ronnie Bass (through Metro PCS) were cumulative of the text messages obtained from the phones of the victim and co-actor, which were admitted and read to the jury. This finding never considered

(2)

.that the state never formally admitted the victim and co-actors exhibits formally into evidence or to publish them. Nor did it consider thta the state never validated if the text messages that were read were from new sources.

THE STATE NEVER VALIDATED IF THE TEXT MESSAGES ENTERED AT TRIAL WERE ACTUALLY FROM NEW SOURCES, THUS HIS 4TH AMENDMENT RIGHT WAS STILL VIOLATED.

When the state referred to State's Exhibit 86 and 87, it recognized that it petitioned the court for orders to obtain the cell phone records for both Decia Hartfield and Georgina Bolin's phone records, but it never explicitly clarified if Exhibits 86 and 87 are Hartfield or Bolin's text messages. The Court of Appeals is apparently basing that Exhibits 86 & 87 were from the cell phones of Hartfield and Bolin's phone from the prosecutor's question to the testifying Detective Took prior to reading them.

Vol. 5, page 22:

Q. (By Ms. Mitchell) And, Detective you also did petitions for Court orders to obtain cellphone records for both Decia Hartfield and Georgina Bolin's phone records?

A. Yes, I did.

Q. And you based this off their telephone numbers that you got from the call-in sheet of Ronnie Bass' texts is that correct?

A. Correct.

When the state questioned the detective about states exhibits 86 and 87 it never validated where these texts' sources came from and more importantly the state never asked the court to formally admit them or designate them to be published. Because of this the record should assume that these were Bass' text messages from his own cell phone.

(3)

IT CAN BE ASSUMED THE TEXT MESSAGES ONLY CAME FROM BASS' CELL PHONE BECAUSE IF NEW SOURCES WERE ENTERED THEY WOULD HAVE BEEN CONSIDERED HEARSAY DUE TO THEY WERE NEVER SELF-AUTHENTICATED.

Again, the only evidence of the phone records offered into the record were Ronnie Bass' where an individual from Metro PCS came and testified to their authenticity under the Hearsay exception Texas Rule of Evidence 803(b) Records of Regular Conducted Activity. No where in the record is there any new source for text messages coming from Hartfield and/or Bolin's cellphones. If they were thus truly new sources under Tex. R. Evid 902(10), the custodian of records from a new phone provider would have had to take the stand or have had to make an affidavit pertaining to them. Because there is nothing in the Clerks Record indicating evidence of the same or any given testimony on the matter, it should be clear that the phone records entered were solely from Bass' phone.

The most notable distinguishing factor concerning this issue is that the state never argued this harm analysis factor in it's own brief. If the phone records were thus truly new sources the state would have given the Court of Appeals adequate briefing on this matter. The Court of Appeals over-stepped it's bounds by definitively holding Bass' text messages were admitted by a new source. As the argument above shows Exhibits 86 & 87 were never admitted to be published in the record and the state never indicated they were from a new source when questioning Detective Took about it.

If the Court of Appeals would not have held Mr. Bass' text messages were coming from a new source other than his cellphone this potential illegal search and seizure claim would have arguable merit. As put forth in his original briefing in the Court of Appeals, a warrant was required to obtain the contents of his

(4)

cell phone.  State v. Branville, 423 SW3d 399 (Tex Crim App 2014), Riley v. California, 134 S. Ct. 2473 (2014).  Because the police did not have a warrant at the time they obtained the records from Metro PCS, and because the messages were illegally obtained the trial court erred in admitting them.  If the trial court would not have allowed them to go before the jury, their is more than a reasonable doubt the jury would not have convicted him.  Without the text messages, their was concrete evidence that Ronnie Bass did not commit murder, but that Georgina Boland did.  Ronnie Bass had no DNA on the revolver that shot the deceased, nor was there any gunpowder residue on his hands, glasses, or clothes the state said he wore. Because DNA evidence on the revolver directly linked Georgina Boland to the crime, Ronnie Bass had more than a reasonable chance of being acquitted of the underlying text messages hadn't been admitted (Vol. 5, pg. 66).

## Prayer for Relief

For the reasons herein alleged, the Court Of Appeals erred in overruling this point of error in Appeal No. 05-13-00518-CR. Therefore, Appellant prays this Honorable Court grant this petition, order briefing, and upon reviewing the judgement entered below, reverse the judgement of the Court of Appeals and remand this case to the Court of Appeals for review consistent with this Court's holding

Respectfully submitted,

_Ronnie Bass_

Ronnie Bass, 1848111
Robertson Unit
12071 FM 3522
Abilene, TX  79601

(5)

## Certificate of Service

I HEREBY CERTIFY that, pursuant to Rules 9.5 and 68.11 of the Texas Rules of Appellate Procedure, a true and correct copy of the above foregoing petition for discretionary review has been sent by first class mail to the state prosecuting attorney at P. O. Box 13046, Austin, TX, 78711, and the Dallas County DA, Craig Watkins at, 133 N Riverfront Blvd, LB-19, Dallas, TX 75207, on this the 17 day of August, 2015.

Ronnie Bass, 1848111

Pro Se

APPENDIX

Opinion of the Court of Appeals for the Fifth Court of Appeals District of Texas, Ronnie Decourtland Bass Jr v. State of Texas, No. 05-13-00518-CR (Tex App Dallas, May 28th, 2015, pet filed) (Memorandum Opinion not designated for publication.)

AFFIRMED; Opinion Filed May 28, 2015.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-13-00518-CR

---

### RONNIE DECOURTLAND BASS, JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 195th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F11-26843-N**

---

## MEMORANDUM OPINION
Before Justices Fillmore, Stoddart, and Whitehill[1]
Opinion by Justice Stoddart

A jury convicted Ronnie Decourtland Bass, Jr. of capital murder of a child under six years of age.[2] Punishment was assessed at life imprisonment. In a single issue, Bass argues the trial court erred by admitting text messages from his cell phone because the messages were illegally obtained. We affirm the trial court's judgment.

At trial, the State sought to admit cell phone records, including the content of text messages, obtained from Bass's cell phone service provider, MetroPCS. The text messages were incriminating for Bass and showed Bass communicated with the victim immediately before the murder and with his co-actor immediately before and after the murder. At trial, Bass lodged

---

[1] Justice Bill Whitehill succeeded Justice Kerry FitzGerald, retired. Justice Whitehill has read the briefs and reviewed the record and now serves as a member of the panel.

[2] Bass also was convicted of murder in a separate cause number. That conviction is not before us in this appeal.

numerous evidentiary objections to the admission of the records from MetroPCS. Following a hearing outside the presence of the jury in which the police officer who obtained the records testified, the trial court denied Bass's objections. Subsequently the officer testified before the jury and the MetroPCS records were admitted over objection.

Bass argues a warrant was required to obtain the contents of his cell phone, specifically text messages, the police did not have a warrant at the time they obtained the records from MetroPCS, and, because the messages were illegally obtained, the trial court erred by admitting them. In his brief on appeal, Bass does not argue he was harmed by the trial court's alleged error.

If we assume Bass preserved his sole issue and the trial court abused its discretion by admitting the records from MetroPCS, we conclude Bass did not suffer harm from the alleged error because the same content from the text messages was obtained from phones belonging to other people and was admitted before the jury. *See Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007) (review trial court's decision to admit evidence for abuse of discretion); *see also* TEX. R. APP. P. 44.2(a).

The admission of evidence obtained in violation of the Fourth Amendment is subject to a constitutional harm analysis pursuant to rule 44.2(a). *See Hernandez v. State*, 60 S.W.3d 106, 106 (Tex. Crim. App. 2001); *see also* TEX. R. APP. P. 44.2(a). For constitutional errors, we "must reverse a judgment of conviction or punishment unless [we] determine[] beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a). When conducting a rule 44.2(a) harm analysis, our primary question is whether there is a reasonable possibility or likelihood the error might have contributed to the conviction. *Rubio v. State*, 241 S.W.3d 1, 3 (Tex. Crim. App. 2007); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g). This requires us to assess the likelihood the error was a

–2–

contributing factor in the jury's deliberations and decision. *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010) (quoting *Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007)). We do not focus on the propriety of the jury's verdict. *Id.* Nor does our analysis turn on whether the jury's verdict was supported by the evidence. *Id.* Instead, the question is whether the alleged constitutional error adversely affected the integrity of the process leading to the conviction. *Id.*

Here, after considering the record in this case, we conclude Bass was not harmed by the admission of the MetroPCS records. The State's admitted exhibits also included text messages from the victim's and the co-actor's phones, which showed the same text messages as did the records from MetroPCS. However, because of the format of the text messages from the victim's and co-actor's phones, the conversation strings were easier to read and understand than were the records obtained from MetroPCS. Additionally, after the text messages were admitted, the prosecutor and investigating officer read incriminating portions of the text messages from the victim's and co-actor's phones to the jury.

Although Bass's counsel objected to the text messages obtained from the other phones, Bass has not complained about the admission of those texts on appeal. Bass lacked standing to complain about any Fourth Amendment issues relating to the text messages retrieved from the victim's and the co-actor's phones either at the trial court or on appeal. There is no evidence Bass had a reasonable expectation of privacy in cell phones belonging to other people. *See Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004); *Anderson v. State*, No. 05-11-00259-CR, 2013 WL 1819979, at *11 (Tex. App.—Dallas Apr. 30, 2013, no pet.) (not designated for publication) (appellant lacked standing to complain about acquisition of co-defendants' records from phone company because he lacked privacy interest in records); *Contreras v. State*, No. 02-11-00242-CR, 2012 WL 3737714, *3 (Tex. App.—Fort Worth Aug. 30, 2012, pet. ref'd) (mem.

op., not designated for publication) (appellant lacked standing to complain about seizure of phone belonging to another person).

The evidence about which Bass complains, the records obtained from MetroPCS, was cumulative of the text messages obtained from the phones of the victim and co-actor, which were admitted and read to the jury. Any error by the trial court in admitting Bass's phone records would not have adversely affected the integrity of the jury's deliberations or contributed to his conviction. The jury received the same evidence from the phones of other people—albeit in a different, more accessible format. From this record, we conclude beyond a reasonable doubt that the admission of the records from MetroPCS did not contribute to Bass's conviction. We overrule Bass's sole issue.

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
130518F.U05

–4–