NO. 07-08-0101-CR
 
IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A
 
JUNE 30, 2009
______________________________

GEORGE DEMPSY NORWOOD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 06-2835; HONORABLE CARTER T. SCHILDKNECHT, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
           Appellant, George Dempsy Norwood, appeals the trial court’s judgment convicting
him of indecency with a child and subsequently sentencing him to seven years
incarceration in the Institutional Division of the Texas Department of Criminal Justice.


 It
is from this judgment and sentence that appellant appeals. We affirm.
 
Factual and Procedural Background
          Appellant does not contest the legal or factual sufficiency of the evidence to sustain
his conviction, therefore, we will only discuss those factual elements that are germane to
our opinion. On May 8, 2007, Keiva Norwood, appellant’s biological granddaughter and
adopted daughter, reported to the Tahoka Police Department that appellant both attempted
to engage in intercourse with her on one occasion and had, on other occasions,
inappropriately touched her. These incidents occurred in 2001 and 2003 when Keiva was
a minor and living in the home of appellant. As a result of the allegations made by Keiva,
appellant was contacted by Chief Dorsey of the Tahoka Police Department and asked to
come in and speak to him about the allegations. 
          On or about the same day that Keiva made her allegation of improper conduct
against appellant, appellant filed for divorce from Mae Dawn Norwood. It became the
contention of appellant’s attorneys that the allegations against appellant were instigated
as part of the effort of Mae Dawn to acquire most, if not all, of appellant’s and Mae Dawn’s
community property. 
          Appellant’s primary contention regarding the challenged extraneous offense
evidence is that, while those offenses might have some relevance to the proceedings
appellant was being tried for, the State had forced appellant’s trial counsel to raise the
issue of the divorce through the State’s opening statement. During opening statements,
the State’s attorney made the following reference to the divorce proceeding,
Now, what I don’t expect you to hear is– Mae Dawn Norwood didn’t call the
police. I’ll tell you that up front. And she should have. And the sad fact is,
if it wasn’t for the fact that they got a divorce, she would be sitting on his side
of the courtroom right now, because she didn’t do anything to stop this.
 
According to appellant, this forced his counsel to counter the issue of the divorce. 
Appellant’s trial counsel referred to Mae Dawn’s motive for lying on at least two occasions
in her opening statement and talked about the motive for filing the charges against
appellant throughout the opening statement. 
          Keiva testified about the facts relating to the charges against appellant. During
cross-examination, she denied making these allegations as part of a plot to make sure that
Mae Dawn received most, if not all, of the community property during her divorce from
appellant. Keiva testified that the improper touching of her breasts occurred while
appellant was giving her a back rub. According to Keiva, appellant reached under her and
began fondling her breasts. As the fondling was occurring, Mae Dawn happened to come
into the bedroom. Mae Dawn testified that she came into the bedroom and caught
appellant in the act of fondling Keiva’s breasts. During cross-examination, Mae Dawn
admitted she did not report this to the police. 
          Chief Dorsey then testified about his interviews with appellant. Appellant testified
that he had attempted to discuss these allegations with the police department earlier. 
Dorsey testified that the first time appellant came forward was when Dorsey called
appellant. Dorsey testified that, during his interview with appellant, appellant stated that
the allegation regarding his touching of Keiva’s breasts was not true. Appellant stated that
he may have come close to her breasts or have accidentally brushed a breast while giving
her a back rub. 
          After Kevia, Mae Dawn, and Chief Dorsey testified, the State advised the trial court
that it wished to call two witnesses to testify about extraneous offenses of a like nature to
those appellant was being tried for. The two witnesses were Rebecca Aguero, appellant’s
stepdaughter, and Rosale Bohannon, appellant’s biological daughter. During a hearing
about the admissibility of the testimony, the State opined that the testimony should come
in to prove the issue of intent and to rebut appellant’s defensive theory that the allegations
are an attempt by Kevia to assist Mae Dawn in getting most of the community property
through the divorce. The trial court ruled that the evidence was relevant and more
probative than prejudicial. Accordingly, the trial court ruled that the testimony would be
allowed. 
          Both witnesses testified to improper sexual conduct by appellant when each was a
young girl. In both instances, the alleged improper sexual conduct occurred approximately
30 years earlier. 
          Appellant testified in his own behalf. During his cross-examination testimony,
appellant stated that, if he had contact with the breast of Keiva, it occurred while he was
giving her a back rub and the contact was accidental and totally unintentional. Further, 
during cross-examination, appellant seemed to alternate between saying the incidents of
extraneous conduct either did not occur or that he could not remember the incidents.  
          Appellant was tried under an indictment that included one count of attempted sexual
assault and two counts of indecency with a child. At the close of the State’s case-in-chief,
the trial court granted a directed verdict as to the attempted sexual assault of a child count. 
The jury subsequently acquitted appellant of Count 3 of the indictment, indecency with a
child, and convicted appellant of Count 2 of the indictment, also alleging indecency with
a child. Count 2 was the count that involved the touching of the breasts of Keiva. The jury
subsequently assessed appellant’s sentence at confinement in the Institutional Division of
the Texas Department of Criminal Justice for seven years. 
          Appellant contends that the trial court abused its discretion and committed reversible
error by: 1) allowing evidence of extraneous offenses to be placed before the jury when
such evidence proved nothing except character conformance and, 2) finding that the
extraneous offense evidence was not substantially more prejudicial than probative in
contravention of Rule 403 of the Texas Rules of Evidence.


 See Tex. R. Evid. 403.


 
Disagreeing with appellant’s contentions, we affirm.
Standard of Review
          We review a trial court's decision regarding the admissibility of evidence under an
abuse of discretion standard. See Cameron v. State, 241 S.W.3d 15, 19 (Tex.Crim.App.
2007). Because trial courts are in the best position to decide questions of admissibility,
appellate courts will uphold a trial court's admissibility decision when that decision is within
the zone of reasonable disagreement. Id. An appellate court may not reverse a trial
court's decision regarding the admissibility of evidence solely because the appellate court
disagrees with the decision. Id. A trial court abuses its discretion when its decision lies
outside the zone of reasonable disagreement. See Montgomery v. State, 810 S.W.2d 372,
391 (Tex.Crim.App. 1990) (op. on reh’g).
Texas Rules of Evidence 404(b) Objection
          By his first issue, appellant complains that the trial court improperly allowed the
introduction of evidence regarding extraneous offenses. The trial court allowed Rebecca
Aguero, appellant’s stepdaughter, and Rosale Bohannon, appellant’s daughter, to testify
about incidents of sexual misconduct on the part of appellant with each of them that had
occurred approximately 30 years before. Appellant contends that the evidence was not
admissible because the State initially made assertions regarding the nature of the evidence
involved in the present case that required appellant’s counsel to answer those statements. 
Therefore, according to appellant, he did not open the door for the admission of evidence
of extraneous offenses. 
          Initially, we observe that, according to the rules of evidence, evidence of other
crimes, wrongs, or acts that do not have relevance apart from character conformity is
inadmissible. See Rule 404(b). However, evidence of extraneous offenses is not
inadmissible if it is relevant to a fact of consequence apart from the tendency to show
conduct in conformity with character. See Casey v. State, 215 S.W.3d 870, 879
(Tex.Crim.App. 2007). Further, evidence of extraneous offenses is not inadmissible under
Rule 404(b) when it is offered to rebut an affirmative defense or a defensive issue that
negates one of the elements of the crime. Id. 
          The record reveals that the State made a passing reference to the divorce
proceeding between appellant and Mae Dawn in its opening statement. The reference was
directed to the reason Mae Dawn had not initially reported what she saw on the day she
found appellant giving a back rub to Keiva. The State opined that it was because she was
married to appellant. The State’s attorney ended his reference to the divorce by stating
that Mae Dawn’s failure to report the incident was inexcusable. Subsequently, in the
appellant’s opening statement, trial counsel stated:
I think what the evidence is going to show you is that Mae Dawn has a
motive to lie in this case, that she had a motive to bring these allegations,
and that she talked Keiva into bringing these allegations against my client,
George Norwood.
 
Trial counsel subsequently stated that the evidence in the case is “layer after layer after
layer of lies and lies.” Trial counsel then proceeded to tell the jury that the evidence would
show that appellant let it be known, on May 1, 2006, that he intended to file for divorce
against Mae Dawn. Trial counsel went on to advise that, within days of finding out
appellant intended to file for divorce, his biological daughter and his wife filed the police
report that led to the indictment of appellant. Trial counsel then asked the question,
“Why?” And answered the question, “Leverage in a divorce, maybe.”
          From the record before us, it is apparent that appellant’s opening statement was
setting forth his theory of defense. Specifically, that Mae Dawn and Keiva were fabricating
these allegations in order for Mae Dawn to gain an advantage in the divorce proceedings. 
As noted by the Court of Criminal Appeals in the recent case of Bass v. State, a defense
opening statement may open the door to the admission of extraneous offense evidence. 
See Bass v. State, 270 S.W.3d 557, 563 (Tex.Crim.App. 2008) (In Bass, immediately after
the State’s opening statement, the defense made an opening statement in which it claimed
that the complainant’s allegations were “pure fantasy” and “pure fabrication,” which led to
the State being allowed to introduce evidence of two other extraneous offenses during the
State’s case-in-chief.). As the Court pointed out, “When, as here, the defense chooses to
make its opening statement immediately after the State’s opening statement, the State
may reasonably rely on this defensive opening statement as to what evidence the defense
intends to present and rebut this anticipated defensive evidence during its case-in-chief as
opposed to waiting until rebuttal. Id. at n.7. It is apparent from the record that the State
was, in fact, reasonably relying on the evidence that the defense intended to produce. 
Accordingly, we hold that the trial court did not err in admitting the evidence of the
extraneous offenses under Rule 404(b). Id. However, this does not end our inquiry as
appellant also objected on the basis of Rule 403. See Rule 403.
Texas Rules of Evidence 403 Objection
          At the same time appellant objected to the admission of the extraneous offense
evidence under Rule 404(b), he also objected that, if the evidence was otherwise relevant,
the probative value of the evidence was far outweighed by the unfair prejudicial impact. 
However, appellant now contends that the admission of the extraneous offense evidence
violates Rule 401 in that it is not relevant, due to the age of the alleged extraneous
offenses, 30 years. Further, appellant contends that the danger of unfair prejudice far
outweighs the probative value of this evidence. As a result of these two contentions,
appellant insists that the trial court committed reversible error in admitting the extraneous
offense evidence. 
          In reviewing the objection that appellant lodged against the extraneous offense
evidence, we do not find where appellant brought the issue of relevancy, pursuant to Rule
401, to the attention of the trial court. At best, all we can say is that appellant made a
passing reference to the issue while arguing his Rule 404(b) objection. However, rather
than rule the issue has been waived for failure to preserve, we shall address the issue. 
See Tex. R. App. P. 33.1(a)(1)(A). 
          Under the Texas Rules of Evidence, evidence is relevant if it makes the existence
of a fact that is of consequence to the determination of the action more probable than it
would be without the evidence. See Rule 401; Watterson v. State, No. 07-07-0153-CR,
2009 Tex.App. LEXIS 2938, at *7 (Tex.App.–Amarillo April 29, 2009, no pet.) (mem. op.
not designated for publication) (citing Moses v. State, 105 S.W.3d 622, 625 (Tex.Crim.App.
2003)). As explained above, the evidence of the extraneous offenses became relevant to
combat the defensive theory of fabrication by Mae Dawn and Keiva in order to secure for
Mae Dawn a more favorable divorce settlement. Further, the evidence was relevant to
combat appellant’s claim that the contact was not intentional or was the result of an
accident. See Rule 404(b). 
          Having determined that the evidence was relevant, we next turn to ascertaining
whether the probative value of this evidence is substantially outweighed by the danger of
unfair prejudice. See Rule 403. As in the Rule 404(b) arena, we will again apply an abuse
of discretion standard in analyzing the trial court’s decision to admit this evidence over a
Rule 403 objection. See Montgomery, 810 S.W.2d at 391. In conducting the balancing
test regarding admissibility, the trial court must balance 1) the inherent probative force of
the proffered item of evidence along with 2) the proponent’s need for that evidence against
3) any tendency of the evidence to suggest decision on an improper basis, 4) any tendency
of the evidence to confuse or distract the jury from the main issue, 5) any tendency of the
evidence to be given undue weight by a jury that has not been equipped to evaluate the
probative force of the evidence, and 6) the likelihood that presentation of the evidence will
consume an inordinate amount of time or repeat evidence already admitted. See Casey,
215 S.W.3d at 880. 
          Having reviewed the record, we find that the evidence in question is strongly
probative to rebut the appellant’s contention that the alleged offense was fabricated by
Mae Dawn and Keiva. Further, it is probative to rebut the statements by appellant that if
he did, in fact, touch Keiva’s breasts, he did so accidentally. The State, as proponent of
the evidence, needed this evidence to rebut the fabrication theory of appellant. This was
virtually the only evidence that the State had that placed the defensive theory in doubt. It
must, however, be conceded that this evidence did have a tendency to suggest conviction
on an improper basis because the very nature of the extraneous offenses could lead to a
suggestion that, if appellant had done it before, he must have done it this time. However,
the record reflects that the jury was properly charged about their consideration of this
evidence. This charge focused the jury on the proper consideration of the extraneous
offense evidence. Finally, the presentation of the extraneous offense evidence took only
a minimal amount of time and did not involve repeating evidence that had previously been
admitted. When all of these factors are viewed in toto, we find no abuse of discretion in
overruling appellant’s Rule 403 objection. Montgomery, 810 S.W.2d at 391. Therefore,
appellant’s second issue is overruled.
                                                             Conclusion
          Having overruled appellant’s issues, we affirm the trial court’s judgment.
 
                                                                           Mackey K. Hancock

                                                                                     Justice







Do not publish.