**Opinion filed August 5, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00163-CR

_____

## TEDDY EUGENE MORRIS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 9442**

### M E M O R A N D U M   O P I N I O N

The jury convicted Teddy Eugene Morris of possession of child pornography. Upon appellant's plea of "true" to two felonies alleged for enhancement purposes, the jury assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of eighty years. Appellant challenges his conviction in a single issue. He contends that the admission, during the guilt/innocence phase of trial, of nine photographs recovered from his cell phone depicting naked adult females violated TEX. R. EVID. 404(b) and 403. We affirm.

*Background Facts*

The State alleged that appellant possessed child pornography based upon his possession of twenty-seven pictures on his cell phone depicting his fourteen-year-old niece in various stages of undress. The pictures were discovered when appellant sent three of them to Heather Clark, his niece's teacher and coach. Clark reported the three pictures sent to her by appellant to Detective Keith Ward of the Snyder Police Department. Detective Ward obtained the additional twenty-four pictures depicting appellant's niece from appellant's cell phone. Detective Ward also obtained several pictures of other naked females from appellant's cell phone.

During the defense's opening statement, appellant's trial counsel told the jury that appellant only possessed the naked pictures of his niece because he wanted to help her. In this regard, Clark testified that, on a previous occasion, appellant informed her that his niece was "sending pictures to boys, and that she was doing bad things." Appellant's niece told Clark that she did not know what appellant was talking about on this occasion. On a later occasion, appellant told Clark that he had some letters that his niece had written "explaining what she had been doing." Appellant's niece told Clark that appellant made her write these letters. On a subsequent occasion, appellant showed Clark naked pictures of a blond girl on his cell phone. Appellant's niece denied to Clark that the pictures on appellant's phone were of her. Appellant later asked Clark if he could send her some "bad" pictures to her cell phone. He subsequently sent Clark three naked pictures of his niece.

Appellant's niece testified that appellant made her take the naked pictures of herself. He forced her to take the pictures by threatening to tell on her to her father. Appellant also threatened to have her sent to an alternative school.

*Standard of Review*

We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). Appellate courts will uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement because trial courts are in the best position to decide questions of admissibility. *Id.* An appellate court may not reverse a trial court's decision regarding the admissibility of evidence solely because the appellate court disagrees with the decision. *Id.* A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

2

*Analysis*

In addition to the twenty-seven naked pictures of his niece, appellant also had approximately thirty-five pictures of other naked females on his cell phone. The State sought to offer these pictures of other females during Detective Ward's testimony. The State asserted that these pictures were relevant because they refuted appellant's trial counsel's assertion during his opening statement that appellant's possession of the pictures of his niece occurred because he was trying to help her. Appellant objected to the admission of the pictures of other females on the basis that they were not relevant and that they would be "highly prejudicial."

The trial court inspected the additional pictures in camera prior to making a ruling. The trial court subsequently announced its determination that the additional pictures were relevant to rebut appellant's defensive theory that he was trying to help his niece. However, the trial court determined that only nine of the additional pictures were admissible because the prejudicial effect of the other twenty-six pictures outweighed their probative value. In this regard, the trial court stated that the nine pictures that it was going to allow into evidence were no more prejudicial than the photographs of appellant's niece because they contained similar depictions. At the time the nine pictures were admitted into evidence before the jury, the trial court orally gave a limiting instruction that the pictures were only to be considered for the purpose of rebutting the defensive theory that appellant was trying to help his niece by possessing the pictures of her. The trial court also gave the same limiting instruction in the court's charge.

Texas Rule of Evidence 404(b) prohibits the admission of evidence of extraneous offenses committed by the defendant for the purpose of proving that, on the occasion in question, the defendant acted in conformity with the character demonstrated by the other bad acts. *Santellan v. State*, 939 S.W.2d 155, 168 (Tex. Crim. App. 1997). However, evidence of extraneous offenses is admissible if it is relevant to a fact of consequence apart from the tendency to show conduct in conformity with character. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). Further, evidence of extraneous offenses is admissible under Rule 404(b) when it is offered to rebut an affirmative defense or a defensive issue that negates one of the elements of the crime. *Id*.

Appellant's trial counsel promoted the theme during his opening statement that appellant only possessed the naked pictures of his niece because he was trying to help her. A defense opening statement may open the door to the admission of extraneous offense evidence to rebut a

defensive theory presented in the opening statement. *See Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008). It is significant to note that trial counsel made his opening statement immediately after the State made its opening statement. As the court pointed out in *Bass*, "[w]hen, as here, the defense chooses to make its opening statement immediately after the State's opening statement, the State may reasonably rely on this defensive opening statement as to what evidence the defense intends to present and rebut this anticipated defensive evidence during its case-in-chief as opposed to waiting until rebuttal." *Id*. at n.7. Appellant's trial counsel continued to promote this theme throughout trial. We conclude that the trial court did not abuse its discretion in determining that the nine pictures depicting adults in similar poses as those depicted in the pictures of appellant's niece rebut the defensive theory that appellant only possessed the pictures for the purpose of trying to help her.

Having determined that the evidence was admissible under Rule 404(b), we must next consider whether or not the evidence, although relevant and, therefore, admissible, should have been disallowed due to the probative value of the evidence being substantially outweighed by the danger of unfair prejudice under Rule 403. There is a presumption that evidence that is deemed to be relevant is admissible. *See Casey*, 215 S.W.3d at 879. Evidence is unfairly prejudicial when it tends to have some adverse effect upon the defendant beyond tending to prove the fact or issue that justifies its admission into evidence. *Id*. In conducting the balancing test regarding admissibility, the trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issue, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or repeat evidence already admitted. *Id*. at 880.

Having reviewed all of the pictures obtained from appellant's cell phone, we find that the nine pictures of naked adult females that the trial court admitted into evidence were probative to rebut appellant's defensive theory that he was trying to help his niece. The State, as proponent of the evidence, needed this evidence to rebut appellant's defensive theory. We note in this regard that the applicable provisions of the Penal Code provide an affirmative defense if the possession of child pornography was for "a bona fide educational, medical, psychological,

psychiatric, judicial, law enforcement, or legislative purpose." TEX. PENAL CODE ANN. § 43.25(f)(2) (Vernon Supp. 2009), § 43.26(c) (Vernon 2003). With regard to the prejudicial effect of the additional pictures, the trial court excluded the majority of them based upon its determination that the depicted images were more graphic than those depicted in the pictures of appellant's niece. Furthermore, the trial court gave both oral and written limiting instructions to the jury regarding the challenged pictures. Lastly, the time involved in presenting the challenged pictures was minimal. When all of these factors are viewed *in toto*, we find no abuse of discretion by the trial court in overruling appellant's Rule 403 objection. *See Montgomery,* 810 S.W.2d at 391. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


August 5, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.