Opinion filed August 5,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00163-CR

                                                    __________

 

                             TEDDY
EUGENE MORRIS, Appellant  

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 132nd District Court

 

                                                           Scurry
County, Texas

 

                                                       Trial
Court Cause No. 9442

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The jury convicted Teddy Eugene Morris of possession of child pornography.  Upon
appellant’s plea of “true” to two felonies alleged for enhancement purposes,
the jury assessed his punishment at confinement in the Institutional Division
of the Texas Department of Criminal Justice for a term of eighty years.  Appellant
challenges his conviction in a single issue.  He contends that the admission, during
the guilt/innocence phase of trial, of nine photographs recovered from his cell
phone depicting naked adult females violated Tex.
R. Evid. 404(b) and 403.  We affirm.

Background
Facts

            The
State alleged that appellant possessed child pornography based upon his
possession of twenty-seven pictures on his cell phone depicting his
fourteen-year-old niece in various stages of undress.  The pictures were
discovered when appellant sent three of them to Heather Clark, his niece’s
teacher and coach.  Clark reported the three pictures sent to her by appellant
to Detective Keith Ward of the Snyder Police Department.  Detective Ward
obtained the additional twenty-four pictures depicting appellant’s niece from
appellant’s cell phone.  Detective Ward also obtained several pictures of other
naked females from appellant’s cell phone.

            During
the defense’s opening statement, appellant’s trial counsel told the jury that
appellant only possessed the naked pictures of his niece because he wanted to
help her.  In this regard, Clark testified that, on a previous occasion,
appellant informed her that his niece was “sending pictures to boys, and that
she was doing bad things.”  Appellant’s niece told Clark that she did not know
what appellant was talking about on this occasion.  On a later occasion,
appellant told Clark that he had some letters that his niece had written
“explaining what she had been doing.”  Appellant’s niece told Clark that
appellant made her write these letters.  On a subsequent occasion, appellant
showed Clark naked pictures of a blond girl on his cell phone.  Appellant’s
niece denied to Clark that the pictures on appellant’s phone were of her.  Appellant
later asked Clark if he could send her some “bad” pictures to her cell phone.  He
subsequently sent Clark three naked pictures of his niece.

            Appellant’s
niece testified that appellant made her take the naked pictures of herself.  He
forced her to take the pictures by threatening to tell on her to her father.  Appellant
also threatened to have her sent to an alternative school.

Standard
of Review

We review a trial court’s decision regarding the admissibility of evidence under an
abuse of discretion standard.  Cameron v. State, 241 S.W.3d 15, 19 (Tex.
Crim. App. 2007). Appellate courts will uphold a trial court’s admissibility
decision when that decision is within the zone of reasonable disagreement because trial courts are in the best position to decide questions of admissibility.  Id.
An appellate court may not reverse a trial court’s decision regarding the
admissibility of evidence solely because the appellate court disagrees with the
decision.  Id.  A trial court abuses its discretion when its decision
lies outside the zone of reasonable disagreement.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Analysis

            In addition to the twenty-seven naked pictures of his
niece, appellant also had approximately thirty-five pictures of other naked
females on his cell phone.  The State sought to offer these pictures of other
females during Detective Ward’s testimony.  The State asserted that these
pictures were relevant because they refuted appellant’s trial counsel’s
assertion during his opening statement that appellant’s possession of the pictures
of his niece occurred because he was trying to help her.  Appellant objected to
the admission of the pictures of other females on the basis that they were not
relevant and that they would be “highly prejudicial.”

The trial court inspected the additional pictures in camera prior to
making a ruling.  The trial court subsequently announced its determination that
the additional pictures were relevant to rebut appellant’s defensive theory
that he was trying to help his niece.  However, the trial court determined that
only nine of the additional pictures were admissible because the prejudicial
effect of the other twenty-six pictures outweighed their probative value.  In
this regard, the trial court stated that the nine pictures that it was going to
allow into evidence were no more prejudicial than the photographs of
appellant’s niece because they contained similar depictions.  At the time the
nine pictures were admitted into evidence before the jury, the trial court orally
gave a limiting instruction that the pictures were only to be considered for
the purpose of rebutting the defensive theory that appellant was trying to help
his niece by possessing the pictures of her.  The trial court also gave the
same limiting instruction in the court’s charge.

Texas
Rule of Evidence 404(b) prohibits the admission of evidence of extraneous
offenses committed by the defendant for the purpose of proving that, on the
occasion in question, the defendant acted in conformity with the character
demonstrated by the other bad acts. Santellan v. State, 939 S.W.2d 155,
168 (Tex. Crim. App. 1997).  However, evidence of extraneous offenses is admissible
if it is relevant to a fact of consequence apart from the tendency to show
conduct in conformity with character.  See Casey v. State, 215 S.W.3d
870, 879 (Tex. Crim. App. 2007). Further, evidence of extraneous offenses is
admissible under Rule 404(b) when it is offered to rebut an affirmative
defense or a defensive issue that negates one of the elements of the crime. Id.

Appellant’s
trial counsel promoted the theme during his opening statement that appellant
only possessed the naked pictures of his niece because he was trying to help
her.  A defense opening statement may open the door to the admission of
extraneous offense evidence to rebut a defensive theory presented in the
opening statement. See Bass v. State, 270 S.W.3d 557, 563 (Tex. Crim. App.
2008).  It is significant to note that trial counsel made his opening statement
immediately after the State made its opening statement.  As the court pointed
out in Bass, “[w]hen, as here, the defense chooses to make its opening
statement immediately after the State’s opening statement, the State may
reasonably rely on this defensive opening statement as to what evidence the
defense intends to present and rebut this anticipated defensive evidence during
its case-in-chief as opposed to waiting until rebuttal.”  Id. at n.7. 
Appellant’s trial counsel continued to promote this theme throughout trial.  We
conclude that the trial court did not abuse its discretion in determining that
the nine pictures depicting adults in similar poses as those depicted in the
pictures of appellant’s niece rebut the defensive theory that appellant only
possessed the pictures for the purpose of trying to help her.  

Having determined that the evidence was admissible under Rule 404(b), we must next
consider whether or not the evidence, although relevant and, therefore,
admissible, should have been disallowed due to the probative value of the
evidence being substantially outweighed by the danger of unfair prejudice under
Rule 403. There is a presumption that evidence that is deemed to be relevant is
admissible. See Casey, 215 S.W.3d at 879. Evidence is unfairly
prejudicial when it tends to have some adverse effect upon the defendant beyond
tending to prove the fact or issue that justifies its admission into evidence. 
Id.  In conducting the balancing test regarding admissibility, the trial
court must balance (1) the inherent probative force of the proffered item of
evidence along with (2) the proponent’s need for that evidence against (3) any
tendency of the evidence to suggest decision on an improper basis, (4) any
tendency of the evidence to confuse or distract the jury from the main issue, (5)
any tendency of the evidence to be given undue weight by a jury that has not
been equipped to evaluate the probative force of the evidence, and (6) the
likelihood that presentation of the evidence will consume an inordinate amount
of time or repeat evidence already admitted.  Id. at 880.

Having
reviewed all of the pictures obtained from appellant’s cell phone, we find that
the nine pictures of naked adult females that the trial court admitted into
evidence were probative to rebut appellant’s defensive theory that he was
trying to help his niece.  The State, as proponent of the evidence, needed this
evidence to rebut appellant’s defensive theory.  We note in this regard that
the applicable provisions of the Penal Code provide an affirmative defense if
the possession of child pornography was for “a bona fide educational, medical, psychological,
psychiatric, judicial, law enforcement, or legislative purpose.”  Tex. Penal Code Ann. § 43.25(f)(2)
(Vernon Supp. 2009), § 43.26(c) (Vernon 2003).  With regard to the prejudicial
effect of the additional pictures, the trial court excluded the majority of
them based upon its determination that the depicted images were more graphic
than those depicted in the pictures of appellant’s niece.  Furthermore, the
trial court gave both oral and written limiting instructions to the jury
regarding the challenged pictures.  Lastly, the time involved in presenting the
challenged pictures was minimal.  When all of these factors are viewed in
toto, we find no abuse of discretion by the trial court in overruling
appellant’s Rule 403 objection.  See Montgomery, 810 S.W.2d at
391.  Appellant’s sole issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 5, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.