**Opinion filed August 18, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00355-CR
_____

## MANUEL MARTINEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR34932**

## M E M O R A N D U M   O P I N I O N

The jury convicted Manuel Martinez of possession of cocaine and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ninety-nine years. Appellant challenges his conviction in a single issue. We affirm.

*Background Facts*

Detective James Dolan of the Midland Police Department testified that the department received a tip on July 9, 2008, that cocaine was present inside the house located at 906 South

Mineola in Midland. Detective Dolan was familiar with the house and its owner, "Red" Walton. He had been to the house on multiple occasions and he described Walton as a known cocaine user. Upon approaching the house, officers spoke with individuals located on the porch of the house. Detective Dolan observed Walton inside the house through the open front door. Walton began walking away from the door with his hands in his pockets despite Detective Dolan's instruction for him to stop.

Detective Dolan entered the house in pursuit of Walton. He followed Walton into a bedroom where appellant was standing with his hands in his pockets. Detective Dolan testified that a baggie containing cocaine fell out of appellant's pocket as he removed his hands from his pockets. After handcuffing Walton and appellant, the officers observed drug paraphernalia in the bedroom on a desk near where appellant was standing. These items included a syringe, spoons with a white powdery substance on them, a cotton swab, and the bottom of a can with a white powdery substance on it.

*Analysis*

Appellant directs his sole issue on appeal to the admissibility of the drug paraphernalia. We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). Appellate courts will uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement because trial courts are in the best position to decide questions of admissibility. *Id*. An appellate court may not reverse a trial court's decision regarding the admissibility of evidence solely because the appellate court disagrees with the decision. *Id*. A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Appellant contends that the items of drug paraphernalia were inadmissible without a showing that the items were actually used "in contravention of the law." However, appellant has not cited any authority that supports his proposition. We believe it is significant to note that the Texas Health and Safety Code does not require a showing of actual use in its statutory definition of drug paraphernalia. TEX. HEALTH & SAFETY CODE ANN. § 481.002(17) (Vernon 2010). In this regard, the statute identifies drug paraphernalia as items "used *or intended for use*" in connection with drugs (emphasis added).

2

Detective Dolan testified that the items of drug paraphernalia recovered from the bedroom were commonly used to inject cocaine with a syringe. He stated that spoons and the bottom of a can are often used to cook or heat cocaine prior to injecting it. Section 481.002(17)(K) specifically provides that "a hypodermic syringe, needle, or other object used or intended for use in parenterally injecting a controlled substance into the human body" constitutes drug paraphernalia. Detective Dolan further testified that both the spoons and the can bottom had a white powdery substance on them and that the spoons were charred on the bottom indicating that something had been used to heat them. In light of Detective Dolan's testimony regarding the common usage of these items to inject cocaine and the indications suggesting that they had been used in that manner, we conclude that the trial court did not err in admitting the challenged items into evidence. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE

August 18, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.