**AFFIRMED; Opinion Filed July 11, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01594-CR**

**DAMON ROBERTSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F-11-17405-K**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Lang

Damon Robertson appeals from his jury conviction for sexual assault. In a single issue, he asserts the trial court erred in allowing the complainant to testify as to whether she sought counseling following the assault. Finding no reversible error, we affirm the trial court's judgment.

### I.    BACKGROUND

The assault happened around midnight on April 16, 2011 in the parking lot of the Dallas Area Rapid Transit ("DART") Ledbetter rail station and was partially captured by security cameras. The complainant, who was at the station to pick up a friend, testified at trial that she was walking toward her car talking to her cousin on the telephone when she noticed Robertson following her and signaling her to get off the telephone. Hoping Robertson would leave her alone, the complainant responded she was on the telephone with her husband and continued

walking. As she got in her car, Robertson grabbed the door, pulled her out, and pinned her to the side of the car. According to the complainant, Robertson had partially exposed himself. The complainant tried to push Robertson off her, but he put his hands down her pants and penetrated her with his fingers. The complainant punched Robertson and struggled with him for a few minutes before Robertson let her go. Once she was free, she ran to the on-duty DART officer and reported what happened.

The complainant testified she gave a written statement to the officer that night, relating generally where Robertson had touched her, but not how he had touched her. Two days later, at the request of another officer, she gave a second, more detailed statement. In this statement, she related specifically where and how Robertson had touched her. Testifying further, the complainant said she felt nervous and violated when she saw Robertson exposing himself and was "shaking" after the assault. Asked over Robertson's objection if she had sought any counseling following the assault, she denied she had.

The complainant's friend testified she found the complainant talking to a DART officer when she got off the train. According to the friend, the complainant was crying and "real shaky."

The friend's description of the complainant's demeanor was corroborated by DART police corporal John Quinn. Quinn testified the complainant ran to him frantic and screaming that "someone had tried to rape her." As Quinn tried to calm the complainant so she could explain in detail what had happened, the complainant noticed Robertson was still at the station. Quinn approached Robertson and, after speaking with him and getting the complainant's statement, arrested him for public lewdness.

DART detective Jamie Duncan testified she obtained the second statement from the complainant two days after the assault. She explained she followed up with the complainant

because she believed, from reading Quinn's report, that Robertson did more than engage in an act of sexual contact and should have been charged with sexual assault for penetrating the complainant. Duncan testified that after the complainant provided the additional statement, the charge against Robertson was upgraded.

Robertson did not testify or call any witnesses, but through his cross-examination of the complainant and officers, as well as his closing, he presented a theory that he had engaged only in sexual contact and not penetration. The jury was instructed on both sexual assault and attempted sexual assault, and, as stated, found him guilty of sexual assault. Following evidence on punishment, the trial court assessed a fifteen year sentence.

## II. ADMISSIBILITY OF EVIDENCE

Robertson's sole complaint is that the trial court erred in allowing the complainant to testify as to whether she had sought counseling after the assault. Robertson asserts this evidence did not establish any of the elements of the offense or rebut the defense and was, therefore, irrelevant victim-impact evidence.

### A. Standard of Review

A trial court's ruling on the admissibility of evidence is reviewed for abuse of discretion. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). No abuse will be found if the ruling falls within the zone of reasonable disagreement. *Id.* If the ruling falls outside the zone of reasonable disagreement, the error will be disregarded unless it had a substantial and detrimental effect or influence on the jury's verdict. *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004); *see also* TEX. R. APP. P. 44.2(b). In determining the likelihood that the jury's decision was influenced by the error, the reviewing court considers the record as a whole including other evidence admitted in the case, the nature of the evidence supporting the verdict, the character of

–3–

the alleged error, how the error might be considered in connection with other evidence in the case, and any defensive theories. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

## B.  Application of Law to Facts

The issue at trial was whether penetration occurred.  Robertson's theory was that he engaged in contact, but did not penetrate.  The jury heard the complainant's testimony to the contrary and also heard detective Duncan's testimony that she believed, from reading Quinn's report, that Robertson did more than engage in sexual contact and should have been charged with sexual assault.  This is strong evidence in support of the verdict.  By contrast, the complainant's testimony that she did not seek counseling was not particularly strong for the State, did nothing to undermine Robertson's trial strategy, and actually potentially aided Robertson.  Assuming without deciding the admission of complainant's testimony that she did not seek counseling after the incident was error, we cannot conclude this testimony was harmful to Robertson.  On this record, we fail to see how the complainant's testimony adversely influenced the jury.  *See*, *e.g.*, *Martin*, 176 S.W.3d at 903 (error in admission of victim-impact testimony during guilt-innocence phase harmless given strength of evidence of guilt); *McClenton v. State*, 167 S.W.3d 86, 91-92 (Tex. App.—Waco 2005, no pet.) (same); *Garrett v. State*, 815 S.W.2d 333, 338 (Tex. App–-Houston [1st Dist.] 1991, pet. ref'd) (same – testimony did not undermine appellant's trial strategy that complainant misidentified him, not that no crime occurred).  We resolve Robertson's sole issue against him.

## III. CONCLUSION

Having resolved Robertson's sole issue against him, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111594F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAMON ROBERTSON, Appellant

No. 05-11-01594-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F-11-17405-K.
Opinion delivered by Justice Lang.  Justices
Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 11th day of July, 2013.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE