

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | | |
|---|---|---|
| RICK PERRY, | § | No. 08-12-00285-CR |
| Appellant, | § | Appeal from the |
| v. | § | 120th Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20120D03821) |
| | § | |

## **O P I N I O N**

Rick Perry appeals his convictions for evading arrest, assault on a family member, and aggravated assault with a deadly weapon, as enhanced by prior family violence convictions. In his sole issue, Appellant maintains that the trial court erred on evidentiary and constitutional grounds by admitting, over objection, a 911 call recording containing hearsay statements identifying him as the assailant in a stabbing incident. We affirm.

## BACKGROUND

Prior to the February 2011 incident at issue in this appeal, Appellant and Nancy Guerrero had been in a dating relationship. She and her two children resided with Appellant. Following an argument between Appellant and Guerrero at Appellant's house, Guerrero attempted to leave the house and informed Appellant that she wanted to end the relationship. When Guerrero told

this to Appellant, he punched her face twice. She told him that she was leaving, but he blocked her exit and locked her inside the bedroom with him. Guerrero testified that Appellant then removed a knife from a drawer and stabbed her in the chest. She also received lacerations on her hands as she tried to defend herself. After she fell to the floor, Appellant tried to kick Guerrero's head, then he broke a window before leaving the room.

Guerrero further testified that her two children found her in the room bleeding, and she instructed them to call 911. Guerrero's two children did not testify at trial. However, a recording of their 911 call was admitted over Appellant's hearsay and confrontation objections, with the trial court partially redacting the recording after law enforcement arrived on the scene. During the 911 call, the children relayed information about their mother's physical condition, saying that she was bleeding from her chest and her hands. Her son Jonathan told the 911 dispatcher that a man he later identified as Appellant locked the door of the bedroom with Guerrero inside. When the 911 dispatcher asked what Appellant had done to Guerrero, Guerrero's daughter can be heard yelling out in background "he stabbed her." Jonathan also said that Appellant stabbed Guerrero. The children identified a knife on the ground covered in blood next to Guerrero. The children could also see Appellant from the bedroom, and told the dispatcher that Appellant was lying down in the backyard, covered in blood. At one point, Guerrero's son went outside into the backyard to try and see what Appellant was doing. He then returned inside to continue talking to the dispatcher, telling him that Appellant was still lying outside in the backyard. Guerrero's son also told the 911 dispatcher that Appellant had been drinking. Appellant then got up and left the scene. Guerrero's son informed dispatch that Appellant had entered his pickup truck and made a right turn down the street. Guerrero's son also stated that Appellant had a gash on his neck from where Appellant had apparently tried to

2

cut himself. 911 dispatchers sent paramedics to the house, and Guerrero was taken to the hospital and treated for her injuries.

Separately, a sheriff's deputy dispatched to search for Appellant's vehicle saw a red Ford F-250 pickup truck speed off near the scene. The deputy initiated a pursuit and attempted to stop the vehicle. The vehicle traveled for more than twenty-five miles at speeds upwards of 90 miles an hour before the truck ran over law enforcement spike strips and Appellant was arrested.

## DISCUSSION

In one issue, Appellant challenges the admission of the 911 call on two grounds. In Sub-Part One, Appellant contends that the 911 call speakers' statements did not fall within the present sense impression exception to the hearsay rule. In Sub-Part Two, Appellant argues that the admission of the hearsay statements was constitutionally prohibited under the Confrontation Clause. We disagree on both counts.[1]

### *Hearsay*

We review the trial court's evidentiary decisions for abuse of discretion. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex.Crim.App. 2007). "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX.R.EVID. 801(d)[Internal quotation marks omitted]. Generally, hearsay is inadmissible at trial. TEX.R.EVID. 802. However, hearsay statements relaying present sense impressions that "describ[e] or explain[] an event or condition [and are] made while the declarant was perceiving the event or condition, or immediately thereafter[,]" are admissible. TEX.R.EVID. 803(1). Likewise, an excited utterance "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is admissible

---

[1] As a threshold matter, we address the State's contention that Appellant failed to preserve error. Outside the presence of the jury, the judge explicitly admitted the evidence as a present sense impression.

3

hearsay. TEX.R.EVID. 803(2). "A trial court does not abuse its discretion when it admits the exhibit in its entirety if the objecting party fails to segregate the admissible from the inadmissible." *Reyes v. State*, 314 S.W.3d 74, 78 (Tex.App.--San Antonio 2010, no pet.).

The admission of hearsay evidence in violation of the Rules is generally non-constitutional error that "must be disregarded" unless it affected "substantial rights." *See Walters v. State*, 247 S.W.3d 204, 219 (Tex.Crim.App. 2007)*; Kirby v. State*, 208 S.W.3d 568, 574 (Tex.App.--Austin 2006, no pet.); TEX.R.APP.P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Kirby*, 208 S.W.3d at 574.

On the record presented, we cannot find that the trial court abused its discretion in admitting the 911 call. Contrary to the State's contention, Appellant preserved error on the hearsay issues. He objected globally to the tape's admission, but he also specifically objected to the admission of Jonathan's statements in which he identified Appellant as Guerrero's assailant, arguing that Jonathan did not actually see the stabbing and contending that too much time had passed between the stabbing and the relay of information to render the statement a present sense impression. His arguments before the trial court sufficiently preserved error for our review under TEX.R.APP.P. 33.1.

The State contends in a counterargument that the trial court admitted the statements under both the present sense impression and exited utterance exceptions to hearsay. As such, Appellant committed fatal error on appeal by challenging only the present sense impression rationale for the trial court's ruling and failing to assign error to the excited utterance grounds. *See Webb v. State*, No. 01-10-01041-CR, 2012 WL 897766, at *1 (Tex.App.--Houston [1st Dist.] Mar. 15, 2012, no pet.)(failure to contest all possible grounds of trial court ruling results in waiver of

4

claim). Admittedly, the trial court's ultimate ruling is less than clear. The State urged the trial court to overruled Appellant's initial hearsay objection on present sense impression and exited utterance grounds. The trial court then ruled and admitted the evidence on present sense impression grounds. Later on, the trial court stated that it had admitted the evidence on present sense impression *and* exited utterance grounds.

The resolution of this issue makes no difference in the case's ultimate outcome. Assuming that the trial court's first ruling admitting the evidence on present sense impression grounds only controls, Appellant's argument fails on the merits. Jonathan told the dispatcher that he had seen Appellant lock Guerrero in the bedroom. Later, Jonathan stated that his mother was bleeding from her chest and her hands, and stated that Appellant had stabbed his mother. Regardless of whether Jonathan personally witnessed the stabbing, his description of his mother's physical condition after she was locked in the bedroom with Appellant make his statement that Appellant stabbed his mother reasonable under the circumstances. The record also indicates that Jonathan made these statements to 911 close enough in time to the events to fall within the present sense impression's contemporaneity requirement. As such, the trial court did not err by admitting those statements as present sense impressions.

Further, Appellant failed to demonstrate harm. Here, Guerrero's testimony largely corroborated the statements contained in the 911 call. Guerrero identified Appellant as her attacker in open court, and other witnesses confirmed that the victim identified Appellant as her attacker on the way to the hospital. The medical expert further corroborated the victim's story, testifying that although the victim's wounds could have been self-inflicted in theory, cuts on the palms of her hands and the deep laceration on her thumb were likely defensive wounds she sustained fending off an attack from a sharp object. Finally, the jury was free to consider

5

Appellant's apparent suicide attempt by slitting his throat and the 25 mile high-speed flight from sheriff's deputies as evidence of consciousness of guilt.

Appellant's argument on this issue is without merit.

*Confrontation Clause*

We next turn to Appellant's confrontation claim. The Sixth Amendment prohibits the admission of an unavailable declarant's testimonial hearsay statements that have not previously been subjected to cross-examination. *Crawford v. Washington*, 541 U.S. 36, 59, 124 S.Ct. 1354, 1369, 158 L.Ed.2d 177 (2004); *Urias v. State*, No. No. 08-12-00090-CR, 2014 WL 1259397, at *5 (Tex.App.--El Paso Mar. 26, 2014, no pet.)(not designated for publication). Whether a hearsay statement is "testimonial" for confrontation purposes is a question of law reviewed *de novo*. *Langham v. State*, 305 S.W.3d 568, 576 (Tex.Crim.App. 2010). "[T]he primary focus in determining whether an out-of-court statement is 'testimonial' is on the objective purpose of the interview or interrogation, not on the declarant's expectations." *Coronado v. State*, 351 S.W.3d 315, 324 (Tex.Crim.App. 2011). Statements made during an interrogation whose objective primary purpose is to enable police to respond to an ongoing emergency are not testimonial. *Michigan v. Bryant*, --- U.S. ---, ---, 131 S.Ct. 1143, 1154, 179 L.Ed.2d 93 (2011); *State v. Echendu*, No. 05-11-00346-CR, 2012 WL 1130419, at *2 (Tex.App.--Dallas Apr. 5, 2012, no pet.).

The admission of a non-cross-examined testimonial statement in violation of the Confrontation Clause is constitutional error reviewed for harmlessness beyond a reasonable doubt. *Wall v. State*, 184 S.W.3d 730, 746 (Tex.Crim.App. 2006); *Trevizo v. State*, No. 08-12-0063-CR, 2014 WL 260591, at *8 (Tex.App.--El Paso Jan. 22, 2014, no pet.)(not designated for publication); TEX.R.APP.P. 44.2. We must reverse "[i]f there is a reasonable likelihood that the

6

error materially affected the jury's deliberations . . . ." *Wall*, 184 S.W.3d at 746. In assessing harm, we consider "1) how important . . . the out-of-court statement [was] to the State's case; 2) whether the out-of-court statement was cumulative of other evidence; 3) the presence or absence of evidence corroborating or contradicting the out-of-court statement on material points; and 4) the overall strength of the prosecution's case." *Langham*, 305 S.W.3d at 582.

Here, we find no violation of Appellant's confrontation rights stemming from the admission of the 911 call. The information the speakers relayed to authorities regarding the extent of the victim's injuries, the identity of the assailant, his state of intoxication, and his whereabouts were all facts germane to the resolution of an ongoing emergency. As such, the children's statements to the 911 operator were non-testimonial, and their admission did not violate the Confrontation Clause. Even if the statements were testimonial, their admission was harmless. As we stated previously, the 911 call was largely cumulative of the victim's testimony, the physical evidence and other testimony generally corroborated the 911 call's veracity, and the State's case overall was fairly strong. We find no harmful error under the Sixth Amendment.

Issue One is overruled. The trial court's judgment is affirmed.


July 3, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

7