

# IN THE
# TENTH COURT OF APPEALS

No. 10-19-00114-CR

ROBERT DWAYNE JONES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 85th District Court
Brazos County, Texas
Trial Court No. 15-01791-CRF-85

## MEMORANDUM OPINION

The jury convicted Robert Jones of the offense of theft. The trial court found the enhancement paragraphs to be true and assessed punishment at seven years confinement. We affirm.

**SUFFICIENCY OF THE EVIDENCE**

In the first issue, Jones argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as

defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

Robert Garcia, a former loss prevention officer at Walmart, testified that he noticed Jones and Frederick Leakes behaving suspiciously in the electronics department of Walmart. Garcia used the security cameras in Walmart to maintain surveillance on Jones and Leakes. Garcia stated that he saw Jones place three Roku devices and two headphones in the shopping cart. Jones and Leakes then split up, and Leakes went to the grocery section of the store. Garcia testified that he observed Leakes put items in the cart that concealed the electronics. Jones joined Leakes in the grocery section, and they then went to the self-checkout area.

Garcia testified that Jones was ringing up the items in a very unorderly fashion. Jones would bag the items and then immediately put them in the cart. Garcia said that he saw Jones directing Leakes to place the bags in the cart over the electronics. Jones and Leakes left the store without paying for the three Roku devices, the two headphones, and a box of juice pouches. Garcia stated that it is clear from the store surveillance video that Jones and Leakes did not leave the electronics in the cart without scanning them by

mistake. Garcia and his partner stopped Jones and Leakes, and the police later arrived and placed both men under arrest.

A person commits the offense of theft if he "unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03 (a) (West 2019). The charge authorized the jury to convict Jones either as a principal or as a party. The charge provided:

> A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another for which he is criminally responsible, or both. Each party to an offense may be charged with the commission of the offense.

> A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.

> Mere presence alone will not make a person a party to an offense.

Jones argues that the evidence shows Leakes concealed the electronics in the cart and that Leakes handed him the items to scan at the self-checkout. Jones contends that there is no audio recording or other evidence to show he encouraged or agreed with Leakes to commit theft. Jones maintains that the State failed to prove beyond a reasonable doubt that he committed the offense of theft either as a principal or as a party.

In addition to Garcia's testimony that Jones placed the electronics in the cart and that Jones directed Leakes to place the bags of scanned items over the unscanned electronics, Garcia opined that it is clear from the store surveillance video that Jones and

Leakes did not leave the electronics in the cart without scanning them by mistake. Jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The surveillance videos from Walmart were played before the jury. Juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016). Viewing the evidence in the light most favorable to the verdict, we find that a rational jury could have found the essential elements of theft beyond a reasonable doubt. We overrule the first issue.

### ADMISSION OF EVIDENCE

In the second issue, Jones argues that the trial court erred in excluding a statement against interest. We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard and uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). If the ruling was correct on any theory of law applicable to the case, we must uphold the judgment. *See Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).

Jones called Passion Leakes, his sister and Leakes's wife, as a witness. Passion testified that she picked up Leakes from jail on the day of his arrest. Trial counsel asked Passion what Leakes told her at that time. The trial court sustained the State's hearsay

objection. Passion testified outside the presence of the jury during a bill of exception that Leakes told her "[Leakes] and [Jones] had got caught stealing at Wal-Mart, and he had told [Jones] that he bought - - purchased all the merchandise that was in the basket."

Jones offered the testimony as a statement against interest pursuant to Rule 803 (24) of the Texas Rules of Evidence. Rule 803 (24) provides that a statement is not excluded as hearsay if it is a statement that:

> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability or to make the declarant an object of hatred, ridicule, or disgrace; and
> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

TEX. R. EVID. 803 (24). The rule sets out a two-step foundation requirement for admissibility. *Walter v. State*, 267 S.W.3d 883, 890 (Tex. Crim. App. 2008). First, the trial court must determine whether the statement, considering all the circumstances, subjects the declarant to criminal liability and whether the declarant realized this when he made that statement. *Id*. Second, the court must determine whether there are sufficient corroborating circumstances that clearly indicate the trustworthiness of the statement. Id. at 891.

The trial court stated that the admission of committing the offense may be admissible but his exoneration of the co-defendant would not be admissible because only

those statements directly against the speaker's penal interest are admissible. Jones then argued to the trial court that it was admissible because Leakes would have endured hatred, harassment, or ridicule from the statement for getting his wife's brother arrested. The trial court stated, "It says intense hatred, harassment, or ridicule. That would open almost everything up. Every time they say, 'Well, it's my fault,' that would be coming in. … I'm going to overrule their objection to him saying he committed the act, but he can't sit there and take the blame for it."

The record shows that Leakes was already under arrest for the offense of theft at the time he made the statement. There is nothing in the record to show that Leakes would have been subject to hatred, ridicule, or disgrace by stating he committed the offense. We find that the trial court did not abuse its discretion in excluding the testimony. We overrule the second issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
(Chief Justice Gray concurring)*
Affirmed
Opinion delivered and filed December 4, 2019
Do not publish
[CR25]

*(Chief Justice Gray concurs in the judgment of the Court. A separate opinion will not issue. He notes, however, that with regard to the admission of Frederick's statement he would hold that the trial court did not err because the statement was made to Frederick's wife and there was no showing that the spousal privilege had been waived by the owner of that privilege; Frederick.)

