**Opinion filed October 30, 2020**



## In The

# Eleventh Court of Appeals

_____

## No. 11-18-00271-CR

_____

## UT VAN DAO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-17-1173-CR**

### M E M O R A N D U M   O P I N I O N

The jury convicted Ut Van Dao of possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017). The jury also assessed his punishment at confinement for six months in a state jail facility and a $7,500 fine. In two issues on appeal, Appellant contends that the evidence was not legally sufficient to support his conviction and that the trial court erred in admitting the controlled substance into evidence. We affirm.

*Background Facts*

On April 6, 2017, Corporal Robert Johnson of the Odessa Police Department was dispatched to a Holiday Inn Express because of a reported disturbance. Upon arrival, Corporal Johnson encountered Appellant sitting in the lobby and speaking on his phone. Corporal Johnson approached Appellant and questioned him. Appellant was slow to respond, and he appeared to be intoxicated. Corporal Johnson arrested Appellant for public intoxication. *See* TEX. PENAL CODE ANN. § 49.02 (West 2011).

Corporal Johnson testified that he found a small, plastic baggie containing a "white powdery substance" in Appellant's coat pocket. Corporal Johnson then performed a field presumptive test on the substance, which yielded a positive match for cocaine. Corporal Johnson testified that he did not put any identifying marks or any type of identification number on the baggie at the scene.

Corporal Johnson explained that he took the baggie back to the police station and entered the information into the computer, printed a barcode, and placed the baggie and barcode into another bag. Corporal Johnson testified that he then sealed the bag and placed it "directly into a locked container at the police station." When the State opened a sealed envelope at trial and handed the envelope to Corporal Johnson, he identified the contents as "the baggie that [he] removed from [Appellant's] left front coat pocket."

Mallory Jenkins, a forensic chemist at the Texas Department of Public Safety Crime Laboratory in Midland, testified that Andrew Busse from Ector County delivered the sealed bag to the laboratory. After the sealed bag was delivered, Jenkins gave the bag a "laboratory case number" and entered the information into the laboratory's computer system. Jenkins conducted a presumptive test and a gas chromatography/mass spectroscopy (GCMS) analysis on the baggie's contents, both of which yielded a positive match for cocaine. The trial court admitted the baggie

and its contents, along with Jenkins's lab report, into evidence over Appellant's objection that the State had failed to establish a proper chain of custody.

*Analysis*

In his first issue, Appellant challenges the sufficiency of the evidence supporting his conviction. In his second issue, Appellant asserts that the trial court erred by overruling his objection to admitting the baggie of cocaine into evidence because the State failed to adequately establish the chain of custody. Appellant's evidentiary challenge is premised on his second issue—he contends that the cocaine cannot be considered in assessing the sufficiency of the evidence because it should not have been admitted into evidence.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we

presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

Appellant's sufficiency challenge is based on a faulty premise. Under *Winfrey* and *Clayton*, we are to consider all evidence admitted at trial, even if some pieces of evidence were improperly admitted. *Winfrey*, 393 S.W.3d at 767; *Clayton*, 235 S.W.3d at 778. Accordingly, we consider the cocaine that was admitted into evidence, as well as Jenkins's testimony establishing that it was cocaine, irrespective of whether the trial court erred by overruling Appellant's objections based on the chain of custody. *See Winfrey*, 393 S.W.3d at 767; *Clayton*, 235 S.W.3d at 778. Considering the cocaine, along with Corporal Johnson's testimony that he recovered it from Appellant and Jenkins's testimony that confirmed the substance contained cocaine, we conclude that a rational trier of fact could have found that Appellant possessed cocaine as alleged in the indictment. We overrule Appellant's first issue.

With respect to Appellant's second issue, we review a trial court's ruling on admissibility of evidence for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). This standard of review applies to the trial court's ruling on an authentication issue. *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018). A trial court does not abuse its discretion by admitting evidence when it "reasonably believes that a reasonable juror could find that the evidence has been authenticated or identified." *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007). We will uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)).

Rule 901 of the Texas Rules of Evidence governs the authentication requirement for the admissibility of evidence and requires the proponent to produce sufficient evidence to support a finding that the evidence is what the proponent claims it is. TEX. R. EVID. 901(a); *Fowler*, 544 S.W.3d at 848. Part of the

authentication test is whether the chain of custody was properly preserved. *Watson v. State*, 421 S.W.3d 186, 190 (Tex. App.—San Antonio 2013, pet. ref'd); *Mitchell v. State*, 419 S.W.3d 655, 659 (Tex. App.—San Antonio 2013, pet. ref'd). The chain of custody is sufficiently authenticated when the State establishes "the beginning and the end of the chain of custody, particularly when the chain ends at a laboratory." *Watson*, 421 S.W.3d at 190 (quoting *Martinez v. State*, 186 S.W.3d 59, 62 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd)). The State can prove links in the chain with circumstantial evidence. *Id.* Without evidence of tampering, most questions concerning the care and custody of a substance go to the weight of the evidence. *Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997). Any intermediate gaps in the chain of custody go to the weight of the evidence, particularly when the chain of custody ends at a laboratory. *Martinez*, 186 S.W.3d at 62.

Appellant faults Corporal Johnson for not placing an identifying mark on the baggie at the scene of the arrest. However, Corporal Johnson testified that he transported the baggie to the police station at which point he logged it into the department's computer system, printed a computer barcode for the evidence, placed the baggie and the barcode into a bag, sealed that bag, and then placed it into a locked container for later processing by an evidence clerk. Appellant also asserts that the evidence of the chain of custody is deficient because there was a lack of information about, or testimony from, the person that transported the baggie to Jenkins. However, this contention addresses an intermediate gap in the chain of custody that goes to the weight of the evidence. *See id.* Given the evidence of the beginning and the end of the chain of custody, and the absence of any evidence of tampering, the trial court did not abuse its discretion by overruling Appellant's objections to the chain of custody. *See Lagrone*, 942 S.W.2d at 617; *Martinez*, 186 S.W.3d at 62. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


October 30, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.