**AFFIRMED as MODIFIED and Opinion Filed February 20, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00950-CR

**BOBBY LEE MURPHY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F21-25327**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

Bobby Lee Murphy appeals his conviction for the offense of murder. In his first five issues, appellant contends the trial court erred in admitting video recordings from security cameras into evidence. In his final issue, appellant contends the judgment must be modified to properly reflect his plea to the enhancement allegations and the jury's findings on the enhancements. We agree the judgment should be modified and, as reformed, we affirm.

On September 6, 2021, Garland police officer Ryan Kelly performed a traffic stop of appellant's vehicle for having an expired registration sticker. As Kelly was

verifying appellant's information, appellant fled the scene. Kelly pursued appellant in his patrol vehicle and, as the chase continued, other police officers joined in the pursuit.

Appellant drove his car at an excessive rate of speed, ran stop lights, and drove on the wrong side of the road into oncoming traffic. At the intersection of West Miller Road and South Garland Road, appellant ran a red light and crashed into a car being driven by Karla Rico. Rico was killed instantly. Rico's stepson, who was in the passenger seat of Rico's car, was seriously injured. A third vehicle, driven by Marcia Barrett, was also involved in the crash. Barrett sustained cuts from her shattered windshield.

Appellant was arrested and indicted for murder. At trial, the State offered multiple video recordings of the car chase into evidence. Several of the recordings were made by police body cameras and police vehicle dashboard cameras. Other recordings were obtained from security cameras belonging to businesses in the area where the chase occurred.

Appellant objected to the admission of five of the video recordings on the basis that they had not been properly authenticated. Four of the challenged recordings were from security cameras. The fifth was a compilation of the security camera recordings. Appellant argued the State failed to properly authenticate the security camera recordings because its witnesses did not have sufficient knowledge of how the various surveillance systems worked or whether the videos accurately

–2–

depicted what happened on the day of the offense. The trial court overruled appellant's objections and the video recordings were admitted.

On appeal, appellant contends the trial court erred in overruling his authentication objections. We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). The erroneous admission of evidence is non-constitutional error. *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2016). We may not reverse for non-constitutional error if, after examining the record as a whole, we have fair assurance the error did not have a substantial and injurious effect or influence in determining the jury's verdict. *Id*. Where the challenged evidence is cumulative of other evidence that was properly admitted, any error in admission is harmless. *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Infante v. State*, 404 S.W.3d 656, 663–64 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

The video recordings to which appellant objected purportedly showed different points of the car chase from the point of view of security cameras along the chase route. Even assuming it was error to admit these videos, we conclude any error was harmless because the properly admitted video recordings from the police officers' body cameras and dashboard cameras depicted the same events in greater detail. In particular, State's exhibit 85, which was admitted without objection, showed the combined body camera and dashboard camera recordings of Officer Kelly. This video showed all of the events of the offense beginning with the traffic

stop and ending with Kelly approaching appellant trapped in his car at the scene of the crash. During the footage of the chase, Kelly can be heard informing other police personnel that the speed of appellant's car was exceeding ninety miles per hour, and that appellant was running red lights and crossing over into opposing lanes of traffic. Given the overwhelming evidence of appellant's guilt and the cumulative nature of the recordings made the basis of appellant's complaints, we conclude any error in admitting the recordings was harmless. We overrule appellant's first five issues.

In his sixth issue, appellant contends the judgment should be modified to accurately reflect his pleas to the enhancement paragraphs and the jury's findings on the enhancements. The State agrees. We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Accordingly, we modify the trial court's judgment to show that appellant pleaded "not true" to the enhancement paragraphs and the jury found all of the enhancements to be true.

As reformed, we affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

220950F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BOBBY LEE MURPHY, Appellant

No. 05-22-00950-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-25327. Opinion delivered by Justice Reichek. Justices Molberg and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

In the portions of the judgment concerning pleas to the enhancement paragraphs, the term "N/A" is **DELETED** and **REPLACED** with the words "NOT TRUE." In the portions of the judgment concerning findings on the enhancement paragraphs, the term "N/A" is **DELETED** and **REPLACED** with the word "TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered February 20, 2024

–6–